**SKELTON LEAD & ZINC CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 14903—Opinion Filed Sept. 16, 1924.

1. Master and Servant—Workmen's Compensation Law—Theory—Earning Capacity—Partial Restoration.

Our Workmen's Compensation Law is based upon the theory of protection against hardships resulting from impaired earning capacity through accidental injury in hazardous employment, and not upon indemnity for physical injury as such. An injury resulting in temporary total disability (Comp. Stat. 1921, sec. 7290, subdiv. 2) to earn a living is compensated for under our law only so long as such total disability continues, and where there is partial restoration of earning capacity, and this fact is brought to the knowledge of the Industrial Commission as provided for by section 7296, supra, a new classification should be given claimant and a corresponding amendment of the award made.

2. Same—Changed Conditions—Order of Commission—Review By Court.

Where an injured workman is given by the Industrial Commission a classification of "temporary total disability" and awarded compensation for that class of disability, which is paid for more than a year, and thirteen months after the injury the claimant is able to earn a substantial salary at other and lighter employment, this constitutes "a change in conditions" within the purview of section 7296, and a refusal by the commission to give the claimant's disability a new classification and to diminish the award in conformity with such new classification is legally erroneous.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 3

Original action by Skelton Lead & Zinc Company and Associated Employers' Reciprocal, as petitioners, against the State Industrial Commission and Lee Nutt, as respondents, to reverse an order of the State Industrial Commission refusing to modify an award of compensation theretofore made to Lee Nutt. Order reversed.

An examination of the record in this proceeding discloses that Lee Nutt was in the employ of the Skelton Lead & Zinc Company as a shoveler in its mine, and that on April 3, 1922, he was struck on the back by falling rock while at work in the mine, resulting in injuries for which he made a claim for compensation under the Workmen's Compensation Law. Thereafter, on June 16, 1922, the State Industrial Commission, after a hearing, determined that the claimant had suffered a temporary total disability, and awarded him compensation

at the rate of $11.54 per week, beginning April 3, 1922, and continuing until termination of disability, or until otherwise ordered by the commission. Thereafter, on May 7, 1923, the claimant, Lee Nutt, accepted employment as city marshal in his home town of Gramby, Mo., at a salary of $50 per month, and thereupon petitioners herein filed their motion with the State Industrial Commission asking for a modification of the award theretofore made to the said Lee Nutt so that the payments thereafter to be made should be one-half of the difference between what the claimant earned prior to his injury and the amount he is earning as city marshal. On October 16, 1923, the Industrial Commission, after hearing, entered its order denying this motion and refusing to modify the award theretofore made. Its findings of fact in said order read as follows:

(1) "That the claimant was injured April 3, 1923, while in the employ of the Skelton Lead & Zinc Company.

(2) "That the claimant had a fracture of the left hip bone near the sacro iliac synchondrosis, with tearing of the ligaments in this region; that he has laceration of the fascia and muscles; that he has not recovered or has improved for a number of months.

(3) "That the insurance carrier has paid compensation at the rate of $11.54 per week up to May 7, 1923; that on May 7, 1923, the claimant accepted an official position in his home town Gramby, Missouri. Said position is that of city marshal; that his duties are not manual and require no physical exertion; that frequently he does not leave his home for several days at a time."

To reverse this order this proceeding was commenced. Petitioners will hereafter be referred to as petitioners, the State Industrial Commission as respondent, and Lee Nutt as claimant.

Burford, Miley, Hoffman & Burford, for petitioners.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by LOGSDON, C. It is the contention of petitioners that the provisions of our Workmen's Compensation Law contemplate earning capacity as a basis for the determination of the degree of disability resulting from any injury sustained. It is contended that an injury which may result in temporary total disability to work in the particular employment in which the injury is sustained is not the proper basis of an award of compensation for temporary total disability if it be shown that the injured

employe is actually earning wages in some other line of employment with which such injury does not interfere. In other words, it is insisted that compensation is to be based upon wage earning capacity either in the same or some other employment. The Attorney General has conceded that this view of the law is correct, and his brief in behalf of respondent practically amounts to a confession of error.

By the provisions of subdivision 1 of section 7290, Comp. Stat. 1921, loss of both hands, or both feet, or both legs, or both eyes, or any two of such members, was made to constitute permanent total disability in the absence of conclusive proof to the contrary. In all other cases permanent total disability is to be determined in accordance with the facts. No rule is fixed for the determination of temporary total disability, for permanent partial disability, nor for the temporary partial disability, so that it was the evident intention of the Legislature that these degrees of disability should also be determined "in accordance with the facts." Subdivision 3 provides a schedule of compensation for certain specific injuries and in the last paragraph of this subdivision it provides for compensation in all other cases of permanent partial disability not specifically provided for, and the basis upon which such compensation shall be fixed is thus stated:

"In other cases in this class of disability the compensation shall be 50 per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, payable during the continuance of such disability."

Subdivision 4 of said section provides for compensation in cases of temporary partial disability and uses similar language to the above provision, i.e., that the compensation shall be based upon the difference in his earning capacity thereafter "in the same employment or otherwise." Under subdivision 2 it is provided that compensation for temporary total disability when determined to exist, shall continue to be paid "during the continuance thereof." This quoted phrase is plain, ordinary English with no peculiar legal significance. It clearly imports a legislative intention that a total disability, temporary in character, and which time or treatment either may remedy, shall be compensated only during its continuance. To effectuate this legislative intent it was provided by section 7296, as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any award, and, on such review, may make an award, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

The whole theory of our Workmen's Compensation Law is based upon compensation for impaired or reduced earning capacity resulting from injuries received in the course of hazardous employment. The rate of wages is made the basis for computing compensation. It is provided that in cases where, by state law, city charter, or municipal ordinance, provision for compensation for such injuries shall be equal to or better than those provided by this law, the latter shall not be applicable. No compensation is allowed for loss of earnings which does not continue longer than seven days. No carelessness by the employe, not amounting to willfulness, will defeat allowance; no dereliction by the employer will enhance it.

If temporary total disability is to be compensated by payment of 50 per cent. of the injured employe's weekly wage only during the continuance of total disability, it is self evident that partial recovery of earning power would wholly defeat the beneficent purposes of the law if the Legislature had not provided for continuing jurisdiction of the commission to diminish the compensation upon a change of condition. Since the degree of disability was fixed by the Legislature only as to certain specific injuries, and since all other degrees of disability must be "determined in accordance with the facts," it becomes a question of law as to whether the admitted facts in this case constitute a continuance of temporary total disability.

By the testimony of the claimant it is specifically admitted that he is able to and does perform the duties of city marshal, and that he receives therefor a monthly stipend of $50. The provisions of our law here under consideration were copied from the Workmen's Compensation Law of New York. In that state occasion for the consideration of these provisions has frequently arisen, and in every case thus far decided the courts of that state have given to these provisions the construction here contended for by petitioners. It is not deemed necessary to quote extensively from these decisions for the reason that the rule is uniform in that state that the theory of the

compensation law is to compensate for impaired earning capacity, and not for physical injuries as such. In the case of Marhoffer v. Marhoffer (N. Y.) 116 N. E. 379, the rule of construction in that state is stated thus:

"The theory of the Workmen's Compensation Act is not indemnity for physical impairment as such, but compensation for disability to work, based on the average weekly wage."

In the case of Jordan v. Decorative Co. (N. Y.) 130 N. E. 625, the claimant was injured while lifting a box of clay in his employment as a laborer. After the injury he worked at raking lawns, and was offered a job as watchman. After refusing the job as watchman he made claim for temporary total disability during the time of his idleness. From the allowance of this branch of his claim an appeal was taken and the court vacated the award, using this language in its opinion:

"There is evidence that his capacity for heavy work had been impaired, if not destroyed. Light work he could do as efficiently and readily as before. * * * Compensation, if due at all, is to be measured by a prescribed percentage of the 'difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise.'"

To the same effect are the following cases: New York Central v. White, 243 U. S. 188; Jensen v. Southern Pacific, 215 N. Y. 514; Winfield v. N. Y. C. Ry. Co., 216 N. Y. 284; Frings v. Pierce Arrow Motor Co., 169 N. Y. Supp. 309; Dzink v. U. S. R. R. Administration, 197 N. Y. Supp. 665; Bello v. General Electric Co., 199 N. Y. Supp. 143; Grammici v. Zinn (N. Y.) 114 N. E. 397.

This rule of construction is not only reasonable, but it commends itself as being in consonance with justice and equity. It was not the purpose of the Legislature in enacting this law to place a premium upon idleness or slothfulness, but to assure to the industrious worker and to his dependents a reasonable support and maintenance during the period of enforced idleness resulting from any unfortunate accident which should destroy or impair earning capacity. It was wisely provided as a check on the possible abuse of these beneficent provisions by unworthy workers or by niggardly employers that the Industrial Commission on its own motion or upon the application of any one interested might review an award previously made and terminate, diminish, or increase the same upon proper proof of changed conditions. In the instant case

petitioners have paid promptly the award made by the commission to the claimant from April 3, 1922, until May 7, 1923, when claimant was so far recovered as to be able to perform the duties of city marshal at a salary of $50 per month, when petitioners, who are interested parties, made application to the commission for a diminution of the award based upon the partial restoration of claimant's earning capacity. This application was by the commission denied, and it is considered that such action by the commission was erroneous and against the clear weight of the evidence. It is considered that the confession of error made by the Attorney General in his brief is based upon a proper construction of these provisions of the law, and that his confession of error should be sustained.

It is therefore concluded that the order of the Industrial Commission of October 16, 1923, refusing to modify the award theretofore made, should be reversed and vacated, with directions to the commission to make a proper order in conformity with the views herein expressed.

By the Court: It is so ordered.