No. 2364
Second Circuit

CHARLES · E. ALTMAN  v.  LOUISIANA
CENTRAL  LUMBER  COMPANY

(December 1, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Master and Servant
—Par. 159, 159 (a).**

Where it is shown that an injured em-
ployee suing under Section 8, Subsec-
tion 1 (b) of the Workmen's Compen-
sation Act No. 20 of 1914 is barely able
to walk and that he can do no work
at all, and that he would not be able
to stand on his feet if it were not for
a brace, he is entitled to compensation
as for permanent total disability to do
work of any reasonable character, dur-
ing the period of disability not exceed-
ing four hundred weeks.

(Recent amendment of Section 8, Subsec-
tion 1 (b) of Act 20 of 1914, is Act
216 of 1924.   Editor's note.)

Appeal from the Eighth Judicial District
Court of Louisiana, Parish of Caldwell,
Hon. F. E. Jones, Judge.

This is a suit brought by an injured
employee for compenastion under the Work-
men's Compensation Act No. 20 of 1914.
There was judgment for plaintiff and de-
fendant appealed.

Judgment affirmed.

Long and Crow, of Shreveport, attorneys
for plaintiff, appellee.

Thornton, Gist and Richie, of Alexandria,
attorneys for defendant, appellant.

ODOM, J.   Plaintiff brings this suit un-
der the Workmen's Compensation Act to re-
cover compensation at $9.90 per week for
400 weeks.

He alleges that while working for the
defendant company on the 16th day of May,
1924, he received an injury to his back and
other portions of the body which totally
disabled him to do work of a reasonable
character.

In answer, the defendant admitted that
plaintiff received the injury as alleged but
denied that he was injured to the extent
claimed by him, and alleged that he had
partially recovered and in due course will
recover to such an extent that he will be
able to do manual labor.

The case was tried in the district court
and judgment granted in favor of the plain-
tiff and against the defendant for com-
pensation at $9.90 per week for the period
of plaintiff's disability, not exceeding 400
weeks, and for $36.70 for necessary medi-
cal expenses; giving the defendant credit
for $346.50 previously paid.

From this judgment the defendant has
appealed.

The plaintiff answered the appeal and
asked the judgment be affirmed.

The Southern Casualty Company was
made a defendant in the case and judgment
was asked against it and the Louisiana
Central Lumber Company in solido.

The defendant Southern Casualty Com-
pany tendered an exception of no cause
of action, which exception was sustained
and plaintiff's suit as to it dismissed.

Plaintiff does not complain of the court's
judgment sustaining the exception of no
cause of action.

OPINION.

The testimony makes it perfectly plain
that this plaintiff while at work as a
laborer in the lumber yard of the defend-
ant company was injured in such a manner
as to render him unable to do any work
of a reasonable character.

It seems that while lifting a heavy piece
of lumber he was struck on his back by
another piece of lumber and that he was
rendered almost or quite helpless on ac-
count thereof.

He says that he is barely able to walk
and that he can do no work at all; that
he would not be able to stand on his feet

were it not for a brace which he wears and the use of a stick.

Doctor Hines, who attended plaintiff shortly after his injury, testified that plaintiff is totally disabled, and was asked when the plaintiff will reach the point where he will be able to do work of a reasonable character, and he said:

"It is my opinion now, I believe within a proper length of time that he will be able to do some work, but as to how much I am unable to say; time is the only thing that is going to determine that at this time."

Doctor Sanderson was asked in what time plaintiff would be able to do manual labor, and he stated:

"There may come a time when he will be well enough to do manual labor, but if he was my private patient I would advise him not to do manual labor because I believe his recovery will be quicker and he will get more complete recovery by not doing manual labor even if he gets to the stage where he can do some work."

Doctor Cassity, who examined the plaintiff, testified that the patient had a severe injury to the sacro iliac joint and that in his opinion it would be at least two years from the time he examined him before he would be able to do manual labor of any kind.

Plaintiff's own testimony is that he is not able to perform any labor and for that reason moved into the country and went on a small farm so as to enable his wife and children to produce vegetables and something on which to live.

There is not one syllable of testimony in the case which shows or even indicates that the plaintiff was able on the date of the trial to do manual labor of any character. On the contrary, all of the testimony shows that he is totally disabled, with every probability of the injury being permanent.

Under the testimony there was but one judgment which could be rendered and that was for compensation during his disability, not exceeding 400 weeks.

It is shown that the plaintiff expended certains sums for medical attention, and while we think he is probably entitled to more than the court awarded him yet the plaintiff has not asked for an amendment of the judgment and we cannot, of course, increase the amount allowed.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant to pay costs in both courts.