INDIANA ELECTRIC CORPORATION *v.* MEDLEY.

[No. 12,599.    Filed June 11, 1926.]

MASTER AND SERVANT.—*Failure to pay compensation for several weeks before applying, for review of award because of change in conditions, would not deprive Industrial Board of jurisdiction to review.*—The failure of an employer to pay compensation to an injured employee for injuries received in the course of the employment according to the terms of an agreement approved by the Industrial Board does not deprive the board of jurisdiction to hear an application by the employer for review of the award because of changed conditions, in that disability had ceased at the time payment stopped (*Lambert v. Powers,* 76 Ind. App. 77, distinguished).

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Roy Medley against the Indiana Electric Corporation. From an order dismissing the application of the electric company for review because of changed conditions, it appeals. *Reversed.* By the court in banc.

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellant.

*George W. Wells,* for appellee.

McMAHAN, P. J.—On April 7, 1925, appellee, while in the employ of appellant, received an accidental injury. The parties, with the approval of the Industrial Board, entered into a compensation agreement providing for payment of compensation at the rate of $13.20 a week during total disability. On June 19, 1925, appellant filed its application for a review of the award on account of change in conditions, alleging that appellee's disability had ceased June 1, 1925.

On the hearing before a single member, it appearing that no compensation had been paid after June 1, the application was dismissed. On appeal to the full board, it was found, "that by admission of counsel and from the allegations of the application to review, it appears that compensation was not paid from and including the 1st day of June 1925, to the filing of said application to review, that the Industrial Board is without jurisdiction to hear or entertain said application," and it entered an order dismissing the application, *Lambert* v. *Powers* (1921), 76 Ind. App. 77, 131 N. E. 420, being cited in support of such action.

It only requires a casual reading of the facts in that case, however, to show that it is not in point and is of no controlling influence in the instant case. The appellee in that case had been injured in March, 1917; an agreement providing for payment of compensation during total disability had been approved in March, 1917; compensation had been paid until the latter part of January, 1918; in February, 1919, the employee filed an application for an adjustment of his claim for compensation, this application being dismissed before a hearing

was had; the employer and his insurance carrier on January 16, 1919, filed an application for a review because of changed conditions; a hearing was had before the full board in March, 1920, and an order made to the effect that the application should be disposed of on the basis of a permanent partial disability; the evidence not being sufficient for a final determination, the hearing was continued and the employer ordered to pay compensation according to the agreement to June 16, 1919; later there was a finding and award that there had been no change in the employee's condition and that he had been totally disabled ever since his injury in March, 1917, and denying the employer's petition for review because of changed conditions. That was an aggravated case. There had been a default in the payment of compensation for a period of more than two years, although the employee, during all of that time, was entitled to compensation, and what was there said about employers and insurance carriers being entitled to no consideration when they were in default was said in reference to the facts in the matter then before the court, where there had been an unnecessarily long delay in filing the application for review, and where there was an unwarranted, unjustifiable, and arbitrary failure to pay compensation. In the instant case, there is no finding that there had been any default. If all disability ceased June 1, 1925, appellee is not entitled to further compensation.

Reversed, with directions to reinstate the application and to proceed to hear the evidence, and to enter an award in accordance with facts as disclosed by the evidence.