## GVOZDIC *v.* INLAND STEEL COMPANY.

[No. 12,660. Filed January 14, 1927. Rehearing denied April 28, 1927.]

1. MASTER AND SERVANT.—*Compensation for temporary total disability ceases during time employee is receiving wages in excess of $24 per week.*—An employee who has been awarded compensation under the Workmen's Compensation Act for injuries received in the course of his employment resulting in a temporary total disability for work is not entitled to collect such compensation for the time he was working for a third party and receiving wages in excess of $24 per week. p. 125.

2. MASTER AND SERVANT.—*Compensation under Workmen's Compensation Act terminates on cessation of disability.*—Compensation under the Workmen's Compensation Act is not a gratuity given to an injured employee, but is intended to compensate him for a loss, and terminates on cessation of disability. p. 126.

3.  MASTER AND SERVANT.—*Payment of compensation to time of filing application by employer for review of award not prerequisite to a hearing thereon.*—The payment of compensation awarded by the Industrial Board to the time of filing an application by the employer for review of the award because of a change in condition is not a prerequisite to a hearing on such application where the disability for which the award was made has ceased.  p. 126.

4.  MASTER AND SERVANT.—*Industrial Board has continuing jurisdiction to modify an award because of change of condition.*— The Workmen's Compensation Act (§9490 Burns 1926) gives the Industrial Board continuing power and jurisdiction to make such modification or change in an award on account of change of condition as it may deem just.  p. 127.

5.  MASTER AND SERVANT.—*Employee not entitled to compensation under Workmen's Compensation Act if able to earn more than $24 per week.*—An injured employee is not entitled to compensation under the Workmen's Compensation Act for disability to work if he is able to work at employment for which he receives wages in excess of $24 per week.  p. 127.

From Industrial Board of Indiana.

Application by the Inland Steel Company, employer, to review an award of compensation granted Dragic Gvozdic by the Industrial Board.  From an order of the board modifying the award, the employee appeals. *Affirmed.*  By the court in banc.

*William J. Whinery,* for appellant.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellee.

PER CURIAM.—On September 4, 1924, appellant, while working for appellee, received a compensable injury which resulted in a temporary total disability.  He filed an application for compensation and on December 24, 1924, the Industrial Board awarded him compensation at the rate of $13.20 per week during total disability. This award was affirmed by this court May 20, 1925. (83 Ind. App. 726, 147 N. E. 925.)  Appellee thereafter paid appellant all compensation due him under the

award for the time he was not in the employ of others at a weekly wage in excess of $24, and on November 5, 1925, filed its application for a review of the award on account of change in conditions. The full board, on hearing, found there had been a change in appellant's condition, that he had been and was doing light work suitable to his capacity for which he received weekly wages in excess of $24; that he worked and received such wages from March 4, 1925, to September 3, 1925, and from October 13, 1925, to the date of the hearing, February 17, 1926. From September 3 to October 13, he did no work and earned no wages. On this finding, the board ordered: "That the defendant pay to the plaintiff compensation at the rate of $13.86 a week from September 3, 1924, to March 4, 1925, and from September 3, 1925, to October 13, 1925," and that appellee have credit for all amounts theretofore paid. The $13.86 so ordered paid was the amount of the original award plus the five per cent. increase provided for by law on affirmance of an award by this court.

Appellant's first contention is that the Industrial Board should have dismissed appellee's application to review the original award. In support of this contention, appellant says that when the application for review was filed, appellee had defaulted in payment of compensation; that no compensation had ever been paid him and that at that time compensation for fifty-nine weeks and six days was due him. This is based on the theory that the evidence, without conflict, shows he was entitled to full compensation because of total disability for work, notwithstanding the uncontradicted evidence is that, during about one-half of the time, he was working and receiving wages in excess of $24 per week. This contention is not well taken. Appellee had paid compensation in full for all the time during which appellant claims he was entitled to compensation, except

for the time when appellant was receiving weekly, wages in excess of $24. After the original award was affirmed, appellee paid the compensation in full to March 3, 1925. The undisputed evidence is that from March 4, 1925, to September 3, 1925, appellee was working and receiving wages in excess of $24 per week; that from the last date to October 13, 1925, appellant was not working and was not earning wages in any amount; that from October 13 to the date of the hearing, he was working and earning wages in excess of $24, and that, just before filing the application for review, appellee paid appellant compensation for the time between, September 3 to October 13, when he was not earning wages.

It was appellee's contention on the hearing before the Industrial Board that it was not in default in the payment of compensation; that it had, in fact, paid appellant all that was then due him. The board found this issue in favor of appellee, and unless appellant, as a matter of law, was entitled to receive compensation from appellee during the time appellant was receiving wages in excess of $24, this finding of the board was correct.

The original award of compensation to appellant was in the words of the statute for an injury "causing temporary total disability for work." Cl. j, §9476 Burns 1926, §31, Acts 1919 p. 158. Appellant does not claim he was suffering either a total or a partial disability during the time he was working and earning wages in excess of $24. He makes no claim that he was not physically able to work during the time he was so working and earning wages.

The question presented for our determination is, Is an employee who has been awarded compensation as the result of an injury resulting in a temporary total disability for work, entitled to collect such compensation for a period of time during which time

he received wages in excess of $24 per week? We think this question must be answered in the negative. *Indiana, etc., Corp.* v. *Medley* (1926), 85 Ind. App. 32, 152 N. E. 285.

Compensation is not a gratuity. Compensation for disability for work is intended to make good for a loss.

2. And it has been held that an award granting compensation during total disability is virtually a self-annulling award; that is to say, its efficacy ceases when total disability ends. *Fennessey's Case* (1921), 120 Me. 251, 113 Atl. 302.

The Supreme Court of Oklahoma, referring to a statute similar to our statute concerning compensation for temporary total disability, said: "After the total disability has ceased, which is to be determined by the ability of the claimant to work, the claimant is no longer entitled to an award under subdivision 2, §7290. If the injury was such as to cause a temporary disability, the right to compensation would cease when the claimant was able to again work at some remunerative occupation." *Cosmos Mining Co.* v. *State Industrial Comm.* (1924), 101 Okla. 283, 225 Pac. 720.

And the same court, in *Skelton Lead, etc., Co.* v. *State Industrial Comm.* (1924), 100 Okla. 188, 229 Pac. 255, said: "No rule is fixed for the determination of temporary total disability, for permanent partial disability, nor for temporary partial disability, so that it was the evident intention of the Legislature that these degrees of disability should also be determined 'in accordance with the facts.'"

Appellant's contention that the Industrial Board as a prerequisite to the right of appellee to a hearing on its application to review because of change in
3. conditions should have required that appellee pay compensation to the date of the filing of such ap-

plication, notwithstanding his disability had long prior thereto ceased, cannot be sustained.

Section 45 of the Compensation Act, §9490 Burns 1926, gives the Industrial Board continuing power and jurisdiction, "upon its own motion or upon the application of either party, on account of a change in conditions" to make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded as it may deem just, subject to the maximum and minimum amount provided for in the act. No modification made under this section shall affect the previous award as to any money paid thereunder. The only other limitations or restrictions placed upon the board and its right to act on an application for review filed under this section are that the board "shall not make any modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award." To sustain appellant's contention would be to add to this section the provision that no such change shall be granted on the application of the employer unless he pays compensation in accordance with the original award to the time of filing his application. This we cannot do. To do so would be the usurpation of legislative powers—a thing of which courts should beware.

In this state, a person who is able to and who does receive weekly wages in excess of $24 is not entitled to an award of compensation on account of a "disability for work." The evidence in the instant case does not prove a case of temporary partial disability. It is sufficient to sustain a finding and award of no disability at time of the hearing.

Award affirmed.

DISSENTING OPINION.

NICHOLS, J.—I must respectfully dissent from the opinion of the majority of the court in this case.

It was the duty of appellee upon the affirmance of the award of the Industrial Board by this court on May 20, 1925, to pay to appellant his compensation from November 11, 1924, to the date of such affirmance, and it was then its privilege to file its application for a change of award on account of a change of condition. It did not take this course however, but waited until November 5, 1925, before filing its application for change of award because of change of condition, at which time it appears by a stipulation in the record it had paid to appellant but $346.50.

It was the duty of appellee to pay appellant compensation fixed by the Industrial Board until the original award was changed, or it filed its application for such a change, but instead of so doing appellee presumed in effect to usurp the functions of the Industrial Board by changing the award and by refusing to pay appellant for the time that he was employed at light work in excess of $24.

Appellee was without authority to make this change.

In the case of *Lambert* v. *Powers* (1921), 76 Ind. App. 77, 131 N. E. 420, this court said that the employer was not entitled to consideration unless it had paid to the employee the compensation due him under the award sought to be changed, up to the time of the filing of the petition for such change. While the record in that case presented facts showing inexcusable defaults on the part of the employer in making the payment due to the employee, generally speaking the principle there announced should be followed. The award of the Industrial Board unappealed from, or affirmed on appeal, should be respected by the parties, and its mandates obeyed until it is modified by a proper proceeding before

the board.   I am not ready to say that any modification of an award of the Industrial Board should, in the absence of fraud, apply to a time prior to the date of filing the application from such modification, or the date of the modification by the Industrial Board upon its own initiative.