No. 3792

Second Circuit

AULTMAN v. LOUISIANA CENTRAL LUMBER CO.

(June 2, 1930.   Opinion and Decree.)
(July 5, 1930.   Rehearing Refused.)

Thornton, Gist & Richey, of Alexandria, attorneys for plaintiff in rule, appellant.

Vinson M. Mouser, of Columbia, attorney for defendant in rule, appellee.

WEBB, J. On March 10, 1925, C. E. Aultman was awarded judgment for compensation for disability resulting from injury sustained by him on May 23, 1924, while he was employed by the Louisiana Central Lumber Company, and the judgment was affirmed on appeal. Aultman v. Louisiana Central Lumber Co., 3 La. App. 132.

The award was for permanent total disability to do work of any reasonable character (subsection 1(b), section 8, Act No. 20 of 1914, as amended by Act No. 43 of 1922), or for weekly payments during the period of disability, not to exceed four hundred weeks, the payments beginning on the date of the injury, and the amount of the payments was fixed at $9.90, or 60 per cent of the weekly wages earned by Aultman prior to the injury. Compensation was paid for two hundred seventy-eight weeks, or until September 26, 1929, and, on October 24, 1929, the Louisiana Central Lumber Company proceeded by rule under the provisions of section 20 of the statute, to have the judgment modified, on the ground that Aultman's disability had ceased, and to be relieved of further payments under the judgment. On trial, the rule being recalled and discharged, the lumber company appealed.

The injury which disabled Aultman was caused by a piece of lumber being thrown against his back, and on the date of the trial, March 10, 1925, he stated that he suffered with continuous pain in the lumbar region of his back and at times with extreme nervousness, and that he had been totally unable to do any work since the accident; and radiographs of his back, taken about the time of the trial, showed he had sustained a sprain of the sacroiliac joint.

On trial of the rule, January 15, 1930, evidence was introduced on behalf of plaintiff in rule showing Aultman had leased a farm in 1926, where he resided until about July, 1927, when he entered the service of the village of Bonita as night watchman and marshal at a salary of $75 per month, where he remained until about March, 1929, and that about July, 1929, he was employed as night watchman by a lumber company at a salary of $50 per month in which employment he remained two or three months. It is conceded that Aultman performed some manual labor on the farm and while employed by the village of Bonita, the work in the latter employment consisting of repairing bridges, grading work, posting a signal light, which required him to climb a ladder about twenty feet in height, and making the rounds of the village about seven times each night; and evidence was also introduced showing that there was not any indication in Aultman's carriage of disability, and a physician was called, who stated that a radiograph of Aultman's back, taken about the time of the trial of the rule, did not indicate any injury of the sacroiliac joint.

On behalf of the defendant in the rule, Aultman said that he suffered at times with pain in his back, especially at night, and that he could not lift heavy objects, and although he admitted he had done some work, as stated above, we gather from his evidence that, with the exception of making the rounds of the village, the work was not continuous and did not require any great physical effort.

His statement, relative to suffering at night, was supported by the testimony of his wife, and his statement, that the work

done by him while employed by the village of Bonita did not require any great physical effort, was supported by the testimony of a co-employee; and a physician was called who said the radiograph referred to above indicated that there had been an injury to the sacroiliac joint, but he agreed with the physician called by plaintiff in the rule that one suffering with a serious sprain of the sacroiliac joint could not do much walking, and that if Aultman was able to climb a ladder there could not have been any serious sprain of the sacroiliac joint at that time.

The evidence conclusively establishes that Aultman had, for a considerable period of time since the award, earned an amount in excess of the amount earned prior to the accident, and the award being based on disability to work, and the period and amount of compensation being fixed at the probable duration of disability and earnings of the employee, it is obvious that the facts relative to his employment subsequent to the award indicate that Aultman had recovered from the disability existing at the time of the award, and that the award should be modified (Skelton Lead & Zinc Co. v. State Industrial Commission, 100 Okla. 188, 229 P. 255; In re Ginley, 244 Mass. 346, 138 N. E. 719); but it is urged that the employment was extraordinary and required very little physical effort, and should be given little consideration in determining whether Aultman had recovered from the disability; or, as we gather from the argument, while it is conceded that Aultman was able to perform the duties of a night watchman, it is contended that the employment was of such an unusual character it should not be regarded as any criterion of Aultman's ability to earn wages, or as indicating that he had recovered from the disability existing at the time of the award.

There was not any evidence introduced that tended to show that the employment of night watchman was exceptional, and the period during which Aultman was engaged in such employment does not indicate that it was merely casual; and, while the evidence does not show that the employment required the same physical effort as the employment in which he was engaged at the time of the accident, it does show that physical effort was required, and that defendant in the rule performed work of a character which he could not have performed had there been at that time a sprain of the sacroiliac joint; and we are of the opinion that the preponderance of the evidence establishes that Aultman had recovered from the injury and disability existing at the time of the award, and that plaintiff in the rule should have been relieved of further payments under the judgment.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that the order suspending further payments of compensation be reinstated, and that the rule issued be maintained, and that the Louisiana Central Lumber Company, plaintiff in the rule, have and recover judgment against Charles E. Aultman, defendant in the rule, relieving the Louisiana Central Lumber Company from further payments of compensation under the judgment rendered in the cause of Charles E. Aultman v. Louisiana Central Lumber Company, No. 2828 on the docket of the Eighth Judicial District court of Caldwell parish, La. It is further ordered that Charles E. Aultman pay all costs of the proceeding under the rule.