STANTON *v.* PITMAN-MOORE COMPANY ET AL.

[No. 16,761.  Filed May 6, 1941.  Rehearing denied June 24, 1941.]

*Claycombe & Stump* and *John F. Watkins*, all of Indianapolis, for appellant.

*White, Wright & Boleman* and *George C. Forrey, III*, all of Indianapolis, for appellees.

DeVoss, J.—On August 29, 1935, Mrs. Mae Stanton, appellant, was in the employ of appellee at an average weekly wage of $19.20, and on that day she sustained an injury by reason of an accident arising out of and in the course of her employment with the defendant.

The appellee furnished the necessary, reasonable medical, surgical, hospital, and nurses' services from the date of said accident until October 30, 1935, inclusive.

Appellant and appellee reached an agreement as to the payment of compensation; and, on the 24th day of September, 1935, filed with the Industrial Board their agreement as to compensation; the terms of said agreement being that appellant receive compensation at the rate of $10.56 per week, based on an average weekly wage of $19.20; and that said compensation should be payable from and including the 5th day of September, 1935, until terminated in accordance with the provision of the Workmen's Compensation law of the State of Indiana, § 40-1201 et seq., Burns' 1940 Replacement. Said agreement was approved by the Industrial Board on the date of filing; and pursuant to and in accordance with the award, appellant was paid compensation by appellee, from and including the 5th day of September, 1935, to and including October 20, 1935, a period of six and four-sevenths weeks, in the total sum of $69.40.

On October 21, 1935, appellant returned to work for appellee at the same employment and at the same average weekly wage she was receiving at the time of the accident.

On August 20, 1936, appellant filed with the Industrial Board her application for the review of said award on account of a change in her condition, alleging that the injuries complained of had resulted in permanent partial impairment.

On November 13, 1936, said application was submitted to a member of the Industrial Board and said member, after hearing the evidence, made the following finding and order:

"And said member having heard the evidence and being duly advised therein, now finds that on August 29, 1935, while in the employ of the defendant at an average weekly wage of $19.20, plaintiff suffered an injury as the result of an accident arising out of and in the course of her employment of which the defendant had knowledge and furnished medical attention; that a compensation agreement was approved by the Industrial Board on September 24, 1935, providing for the payment of compensation at the rate of $10.56 a week during total disability, not exceeding the period fixed by law, beginning on September 5, 1935; that compensation was paid under the terms of said agreement up to October 20, 1935; that plaintiff returned to work on October 21, 1935, and has been steadily employed since said date by the defendant herein at an average weekly wage the same as she was receiving at the time of the accidental injury on August 29, 1935; . . . and said member now finds for the defendant on plaintiff's application that plaintiff has suffered no permanent partial impairment as the result of the accidental injury sustained on August 29, 1935."

"ORDER.

"It is therefore considered and ordered by the Industrial Board of Indiana that

plaintiff's application for the review of an award on account of a change in conditions filed August 20, 1936, should be and. the same is hereby denied."

Thereafter on the 18th day of November, 1936, the appellant filed her application for a review, by the full board, of the award as to compensation made; and the full Industrial Board made the following finding and order therein:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on August 29, 1935, while in the employ of the defendant at an average weekly wage of $19.20, plaintiff suffered an injury as the result of an accident arising out of and in the course of her employment, of which the defendant had knowledge and furnished medical attention; that a compensation agreement was approved by the Industrial Board on September 24, 1935, providing for the payment of compensation at the rate of $10.56 a week during total disability, not exceeding the period fixed by law, beginning on September 5, 1935; that compensation was paid under the terms of said agreement up to October 20, 1935; that plaintiff returned to work on October 21, 1935, and has been steadily employed since said date by the defendant herein at an average weekly wage the same as she was receiving at the time of the accidental injury on August 29, 1935.

"It is further found that on August 20, 1936, plaintiff filed her application for the review of an award on account of a change in conditions, alleging that said injury has resulted in a permanent partial impairment.

"And the Full Industrial Board now finds for the defendant on plaintiff's application, that plaintiff has suffered no permanent partial impairment as the result of the accidental injury sustained on August 29, 1935.

"ORDER.

"It is therefore considered and ordered by the Full Industrial Board of Indiana,

that plaintiff's application for the review of an award on account of a change in conditions filed August 20, 1936, should be and the same is hereby denied."

No appeal was taken from this finding and award.

Thereafter on the 23d day of December, 1940, the full Industrial Board made a corrected finding and order in said cause, which said corrected finding and order reads as follows:

"It having come to the attention of the Industrial Board of Indiana that on November 21, 1938, the Superior Court of Marion County, Indiana, entered a judgment in favor of the plaintiff and against the defendants in the above entitled cause, said judgment having been entered under the provisions of Section 62 of the Workmen's Compensation Act of Indiana, pursuant to the terms of an agreement for the payment of compensation entered into by and between the plaintiff and the defendants, which said agreement was filed with and approved by the Industrial Board of Indiana on September 24, 1935, the Full Industrial Board of Indiana now on its own motion enters and files herewith its corrected finding and award in the above entitled cause.

"BE IT REMEMBERED, that pursuant to notice fixing the time and the place therefor, this cause was called for hearing before the Full Industrial Board of Indiana, at the rooms of the Board in the Statehouse, Indianapolis, Marion County, Indiana, on December 29, 1936, at 2:30 P. M. on plaintiff's application, to review an order dated November 18, 1936.

"The plaintiff appeared in person and by Claycomb & Stump, her attorneys. The defendants appeared by Guy J. Kornblum, their attorney.

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on August 29, 1935, while in the employ of the defendants at an average weekly wage of $19.20 plaintiff suffered an injury as the result of an accident arising out of and in the course of her employment, of

which the defendants had knowledge and furnished medical attention; that a compensation agreement was approved by the Industrial Board on September 24, 1935, providing for the payment of compensation at the rate of $10.56 a week during total disability, not exceeding the period fixed by law, beginning on September 5, 1935; that compensation was paid under the terms of said agreement up to October 20, 1935; that plaintiff returned to work on October 21, 1935; and has been steadily employed since said date by the defendants herein at an average weekly wage the same as she was receiving at the time of the accidental injury on August 29, 1935, that plaintiff's total disability has ended and did end on October 21, 1935, and that the defendants' liability for the payment of compensation under the agreement approved by the Industrial Board of Indiana on September 24, 1935, terminated on the said October 21, 1935.

"It is further found that on August 20, 1936, plaintiff filed her application for the review of an award on account of a change in conditions, alleging that said injury has resulted in a permanent partial impairment.

"And the Full Industrial Board now finds for the defendants on plaintiff's application, that plaintiff has suffered no permanent partial impairment as the result of the accidental injury sustained on August 29, 1935.

"ORDER.

"IT IS THEREFORE CONSIDERED AND ORDERED by the Full Industrial Board of Indiana that plaintiff's temporary total disability as a result of the accidental injuries sustained by plaintiff on August 29, 1935, ended and terminated on October 21, 1935.

"It is further ordered by the Full Industrial Board of Indiana that plaintiff's application for the review of an award on account of a change in conditions filed August 20, 1936, should be and the same is hereby denied, and that plaintiff has suffered no permanent partial impairment as a result of said accidental injuries suffered

August 29, 1935, while in the employ of the defendants.

"Dated this 23d day of December, 1940."

From this corrected award, appellant appeals and assigns errors as follows: (1) That the corrected finding and order of the full board made on December 23, 1940, is contrary to law. (2) That the award of the full board made on December 23, 1940, is contrary to law. (3) That the full Industrial Board of Indiana was without jurisdiction to make the said award and the said corrected order and finding of December 23, 1940.

It is contended by appellee herein that the Industrial Board had full authority to correct its finding and order at any time under § 45 of the Workmen's Compensation law.

Appellant contends that the so-called corrected award and finding of the board is in truth and in fact a new and entirely different award from the one attempted to be corrected, and that such corrected finding and award cannot be entered without a hearing thereon.

It is apparent, from a reading of the corrected finding and award, that the same was prompted by the action of Superior Court of Marion County in entering a judgment for appellant against appellee for the payment of compensation, at the rate of $10.56 per week, from September 5, 1935, the date upon which compensation under the agreement began, to November 21, 1938, less the sum paid under the agreement; and that the period of time upon which the judgment was based included approximately a year during which appellant had been steadily employed by appellee, at an average weekly wage the same as she was receiving at the time of the accident.

The only question involved in this appeal is whether or not the correction is such a correction as could be made under the statute.

Section 45 of the Workmen's Compensation Act provides among other things that, "The Board may at any time correct any clerical error or mistake of fact in any finding or award."

The agreement for payment of compensation, approved by the Industrial Board, contained the following stipulation, "And that said compensation shall be payable from and including the fifth day of September, 1935, until terminated in accordance with the provisions of the Workmen's Compensation law of the State of Indiana."

The application of appellant for a review of award on account of a change in conditions, being Form 14 supplied by the Industrial Board, among other statements contains the following, "That compensation has been paid on said award to the 20th day of October, 1935. That said employer and employe have disagreed relative to the continuance of payments under said award. The said plaintiff further represents that said award should be reviewed by said Honorable Board on account of such change in conditions upon the following grounds, to-wit: That said injury has resulted in a permanent partial impairment."

Appellant points out as the objectionable feature of the corrected finding and award that such correction states specifically, "That plaintiff's total disability has ended and did end on October 21, 1935, and that the defendants' liability for the payment of compensation under the agreement approved by the Industrial Board of Indiana on September 24, 1935, terminated on said October 21, 1935," and that before such correction said award provided, "That a compensation agreement was approved by the Industrial Board on September 24,

1935, providing for the payment of compensation at the rate of $10.56 a week during total disability not exceeding the period fixed by law, beginning on September 5, 1935; that plaintiff returned to work on October 21, 1935, and has been steadily employed since said date by the defendant herein at an average weekly wage the same as she was receiving at the time of the accidental injury on August 29, 1935."

It is our opinion that the finding and award, before the correction, terminated the payments for total disability on the date the injured party returned to work under the same status she enjoyed before her injury.

In the case of *Gvozdic* v. *Inland Steel Co.* (1927), 86 Ind. App. 122, 125, 154 N. E. 804, this court said, "The question presented for our consideration is, Is an employee, who has been awarded compensation as the result of an injury resulting in a temporary total disability for work, entitled to collect such compensation for a period of time during which time he received wages in excess of $24 per week? We think this question must be answered in the negative. *Indiana, etc., Corp.* v. *Medley* (1926), 85 Ind. App. 32, 152 N. E. 285. Compensation is not a gratuity. Compensation for disability for work is intended to make good for a loss. And it has been held that an award granting compensation during total disability is virtually a self-annulling award; that is to say, its efficacy ceases when total disability ends."

The corrected award specifically gave the date on which total disability ended by naming the day, the month, and the year, while the award before such correction gave plaintiff compensation during total disability, which total disability terminated when she was returned to work, and was the same date as set out in the corrected award.

In the case of *Mace* v. *Ertel Machine Co.* (1940), 108 Ind. App. 301, 305, 27 N. E. (2d) 85, in passing upon a like question, this court said, "In examining the original award and the corrected award it is apparent that the full board, by the latter, did nothing more than to elaborate upon the original award in order to effect a more complete pronouncement of its findings. Under such circumstances, the correction could not affect the substantial rights of the parties and, we think, is within the power authorized by the statute."

In the correction of award in the instant case, we are of the opinion that the substantial rights of the parties were not affected, and that such corrected award was merely a more complete and distinct pronouncement of its finding of February 1, 1937, relative to the termination of the liability for compensation under the agreement.

In her additional authorities, appellant cites the case of *Lambert* v. *Powers* (1921), 76 Ind. App. 77, 131 N. E. 420.

In the case of *Indiana Electric Corp.* v. *Medley* (1926), 85 Ind. App. 32, 152 N. E. 285, the above cited case is discussed and distinguished, and lends no assistance in determining the question involved here.

Award affirmed.

NOTE.—Reported in 33 N. E. (2d) 832.