Lonnie D. SNIDER, Appellant,

v.

BOARD OF TRUSTEES FOR the OKLAHOMA POLICE PENSION AND RETIREMENT BOARD, Appellee.

No. 69168.

Supreme Court of Oklahoma.

Oct. 17, 1989.

As Corrected on Denial of Rehearing Nov. 14, 1989.

Joe B. Reeves, Lawton, for appellant.

Robert H. Henry, Atty. Gen. by William D. LaFortune, Asst. Atty. Gen., Oklahoma City, for appellee.

· HODGES, Justice.

Appellant was employed as a police officer with the Lawton Police Department for nearly five years before he was terminated due to a hearing loss which made him physically incapable of performing the regular field duties of a police officer. The appellant had requested that he be assigned to a service position that did not require the capability of performing regular field duties. However, he was told that no such position existed in the Lawton Police Department. On appeal to the City of Lawton Personnel Board (hereinafter City Board) the termination was affirmed.

At the same time that he was appealing to the City Board, the appellant filed a workers' compensation claim and was adjudged to have a binaural hearing loss of 31.75% that arose out of and in the course of employment.[1] As a result of his termination being upheld by the City Board the appellant then made application to the Oklahoma Police Pension and Retirement Board (hereinafter State Board) for a disability pension which was denied due to "insufficient evidence ... that would show that said hearing loss was incurred while in, and as a consequence of [the appellant's] duty as a police officer for the City of Lawton." An appeal of this ruling to the District Court of Oklahoma County re-

sulted in the State Board's denial being affirmed on the basis of "substantial evidence to support the ... Administrative Decision ..." The Court of Appeals reviewed the State Board's denial and the district court's supporting decision and affirmed "in all respects." We granted certiorari.

## I.

■ The first issue appellant raises is that of venue requirements for his appeal to district court. He argues that he properly filed simultaneous appeals to the State Board decision in both Comanche County and Oklahoma County pursuant to 75 O.S. § 318(2) and 11 O.S. § 50–129. He then contends that due to his significant contacts in Comanche County and based on the doctrine of forum non conveniens, the appeal should have been properly set and heard in Comanche County rather than Oklahoma County.

We agree with that portion of the Court of Appeals' opinion finding 11 O.S.1981 § 50–129 to be a statute of venue setting all appeals to decisions of the State Board in Oklahoma County District Court. When the venue of an action is statutorily authorized in only one county, general venue statutes are inapplicable. Thus, the proper forum is Oklahoma County. *Schwartz v. Diehl*, 568 P.2d 280 (Okla.1977).

## II.

Appellant's second argument is that the ruling of the State Board was not supported by substantial evidence. Generally, the standard of review to be applied to administrative board decisions is to determine whether or not the order is *supported by substantial evidence* or affected by error of law committed at the hearing. *Oklahoma Park, Inc. v. Oklahoma Horse Racing Comm.'n*, 716 P.2d 666–67 (Okla. 1986); *Humana Hosp. Corp. v. Oklahoma Health Planning Comm'n*, 705 P.2d 175, 178 (Okla.1985). Accordingly, we have reviewed the record and find that the order

1. Workers' Compensation Court Case No. 84    13204–Y, heard April 25, 1985.

of the State Board was against the substantial evidence presented and should be vacated.

In its "Findings of Fact" the State Board concludes that while the appellant had sustained a hearing loss the evidence did not sufficiently link the hearing loss with the appellant's job as a police officer. The following facts were established at the hearing:

(1) The appellant had been exposed to gunshots fired on the shooting range and police car sirens set off in close proximity to the appellant as a practical joke;

(2) the appellant's off-duty hobby was playing an electrically amplified guitar from which he had (2 years prior to noticing a hearing loss) suffered an electrical shock which required medical treatment for burns to his hand;

(3) the appellant was not able to properly wear protective earmuffs on the firing range because he could not hear the firing instructor; this had become increasingly more common since he had first noticed his hearing loss approximately one year prior to the State Board hearing;

(4) the appellant testified to a blow to the head (incurred approximately 1½ years prior to the State Board hearing) received while making a DUI arrest although no medical treatment was received nor did any medical report attribute hearing loss to this incident.

In addition to the establishment of the aforementioned facts there were two doctors' medical reports admitted into evidence at the hearing. One of these reports concluded:

"Based on the patient's history and established knowledge regarding noise output of hand and shoulder weapons, *it is clinically accepted that he has been exposed to hazardous noise during his semi-annual firearms qualifications courses.... The circumstances of additional noise exposure by reason of use of his emergency siren in the incident of practical joking are also recognized as contributors to this patient's hearing loss.*" (emphasis added)

The second medical report did not specifically state a cause of loss of hearing but did find the appellant incapable of performing "duties as a police officer where he is exposed to guns, sirens or any other types of loud noises as he is a very sensitive individual to this." Neither of these reports were controverted at the hearing by any other expert medical testimony.

Further, the State Board agreed to take note of the Workers' Compensation Court Order that specifically found the appellant to have suffered a combined hearing loss of 31.75% that arose out of and in the course of his employment. This order was never appealed and is now final.

In order to make a complete review of all of the evidence presented (including the Workers' Compensation Court Order) it is necessary to compare the evidentiary standards used by the Workers' Compensation Court and those used by the State Board. Under the Workers' Compensation Act a compensable injury must be one that arises out of and in the course of employment, 85 O.S.1981 § 11; *Schell v. Blue Bell, Inc.,* 637 P.2d 914 (Okla.App.1981). The phrase "arises out of" has been construed as requiring a causal relationship between the act engaged in at the time of the injury and the requirements of the job. The phrase "in the course of" has been defined as relating to the time, place and circumstances under which the injury was sustained. *Fudge v. University of Oklahoma,* 673 P.2d 149 (Okla.1983).

The Police Pension and Retirement System authorizes the State Board to pay disability benefits to members incurring a disability while in, and in consequence of, the performance of duty as an officer. 11 O.S. 1981 and Supp.1988 § 50–115(B)(1). Once such a finding has been made an award for permanent partial disability benefits is calculated on the basis of percentage of impairment to the whole person as defined by the standards outlined in the "American Medical Association's Guides to the Evaluation of Permanent Impairment." 11 O.S. Supp.1988 § 50–115(B)(2). Interestingly enough these guidelines for compensation are the same as those used by the Workers'

Compensation Court as authorized by statute. 85 O.S.Supp.1988 § 22(3).

Historically, the purpose of the Workers' Compensation Act has been to compensate injured workers for the *loss of earning power*. *Skelton Lead & Zinc Co. v. State Industrial Commission*, 100 Okl. 188, 229 P. 255 (Okla.1924). The Act itself as well as the phrase relating to injuries arising "out of and in the course of employment" must be liberally construed in favor of the employee. *Warthen v. Southeast Oklahoma State University*, 641 P.2d 1125 (Okla.App.1981).

■ In comparison the legislative intent behind the creation of the Police Pension and Retirement System has been construed in part as follows:

The purpose of disability allowance under the police pension and retirement system is to *provide a source of income* to a police officer who has been disabled and who, by reason of such disability, is no longer able to continue his employment with the department. *Bd. of Tr. Okl. City Pol. Pen. & Ret. v. Clark*, 661 P.2d 506 (Okla.1983). (emphasis added)

Compensating for "loss of earning power" and providing "a source of income" are very similar purposes. With this similarity in objectives it is only logical to find that the standards of proof for awarding such compensation are at least similar if not identical given that the statutorily designated guidelines for awards of disability are also the same in both forums. Thus while a final order for compensation due to a work-related injury issued by the Workers' Compensation Court is not binding on the State Board it must be given proper weight at a hearing where an award of disability benefits hinges on a finding that the injury was in fact work-related.

■ In the case before us it is clear that the State Board did not give any consideration to the Workers' Compensation Court order and its findings of fact or conclusions of law. Rather, a review of the transcript from the State Board hearing makes it obvious that the basis of the denial was not within the medical expertise of the members of the Board. The transcript contains comments by the members comparing their years of service as police officers and present hearing capacity with the appellant's shorter term of service and severe hearing impairment. Based on this comparison the State Board determined that such a severe hearing loss could not be a result of the appellant fulfilling his duty as a police officer. By making this determination the State Board completely stepped into the shoes of the medical doctors (who acknowledged the hearing loss and "clinically accepted" the fact that it was job-related) and substituted their own judgment as to whether or not this hearing loss could be job-related. While the issue of fault is not germane to a hearing involving pensions or retirement the State Board basically assigned fault or negligence to the appellant in this case by finding the injury not job-related and due, instead, to his other activities as an amplified guitar player. Therefore, the judgment of the State Board is reversed.

### III.

■ This brings us to the question of the proper statute to be used in calculating an award of benefits. Appellant contends that any disability award made to him should not be subject to calculation under the 1981 amendments to 11 O.S. § 50–115. Rather, he should receive benefits awarded on the basis of the pre–1981 version of § 50–115 which was in effect at the time appellant was hired and became a member of the Police Pension and Retirement System. It is an uncontroverted fact that the appellant had not completed five years of department service at the time of his termination in 1985. We have previously held that in Oklahoma the right to retirement pension benefits provided by statute to firefighters and police officers becomes absolute when the benefits are payable to an eligible member. *Baker v. Oklahoma Firefighters Pension*, 718 P.2d 348 (Okla. 1986). In this case any disability pension the appellant is eligible for did not become payable until the date of injury. By his own testimony at the hearing this was no more than one year prior to his termi-

nation. The right of the appellant to a disability pension is controlled by the statute in effect when the right to the pension vests, or becomes payable. *Board of Trustees v. Burns*, 348 P.2d 1067 (Okla. 1959). The applicable statute here is 11 O.S. § 50–115 as amended in 1981 to incorporate the American Medical Association guidelines. The case is remanded to the State Board for determination of an award of disability benefits.

CERTIORARI GRANTED. COURT OF APPEALS' OPINION SUSTAINED IN PART AND VACATED IN PART; CASE REMANDED TO OKLAHOMA POLICE PENSION AND RETIREMENT BOARD.

DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., concurs in part, dissents in part.

SIMMS, J., concurs in part I, dissents from parts II and III.

OPALA, V.C.J., and LAVENDER, J., dissent.