## Sears v. Elcomb Coal Company.

(Decided March 9, 1934.)

280

J. L. WILLIAMS for appellant.

WILLIAM SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On February 2, 1931, the appellant James Sears, was injured while working for the appellee, Elcomb Coal Company, in its mines in Harlan county, Ky.

In September, 1931, he filed claim with the Kentucky Workmen's Compensation Board, seeking compensation, alleging that, at the time of receiving his injury, he and his employer were working and operating under the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.). His employer resisted allowance of the claim upon the ground that Sears had not, at the time of receiving his injury, signed the register agreeing to accept and work under the provisions of the act.

In October, 1932, the compensation board, upon submission of the claim upon the pleadings and proof, made its award refusing compensation and dismissing appellant's application, upon the ground that it had no jurisdiction of the case, by reason of its finding that Sears had failed to show, either by his testimony or the records of the company, that he had signed the register, as required, agreeing to accept the provisions of the Workmen's Compensation Act.

Further, the appellant on February 2, 1932—and

while his application for compensation was then pending before the board—filed also his common-law action in the Harlan circuit court, seeking recovery of damages against the defendant for these injuries received upon the ground of negligence. In defense, the defendant pleaded by answer contributory negligence, the one-year statute of limitations, and the then pendency of plaintiff's application before the Workmen's Compensation Board. Plaintiff, by reply and amended replies, denied that his cause of action was barred by the one-year statute of limitations or that the provisions of the pleaded section 2516, Kentucky Statutes, were here applicable as a bar to his action, for the reason that it was tolled or avoided by the provisions of section 2545, Kentucky Statutes, which he pleaded and relied upon in avoidance of its operation.

Defendant filed demurrer to the reply and its amendments, which was sustained by the court, when, plaintiff declining to plead further, his action was dismissed with costs.

Plaintiff, complaining of the court's ruling in sustaining the demurrer to his reply, has appealed.

Section 2545, Kentucky Statutes, is as follows:

"Where an action has been or shall be commenced in due time and in good faith, in any court of this Commonwealth, and the defendants, or either of them, have or shall make defense, and it shall be adjudged that such court had or has no jurisdiction of the action, the plaintiff or his representative may, within three months from the time of such judgment, commence a new action in the proper court, and the time between the commencement of the first and last action shall not be counted in applying the limitation."

Appellant, in support of his appeal, contends that the court erred in sustaining defendant's demurrer to his reply and replies as amended and argues that the facts alleged in these pleadings were admitted by the defendant's demurrer thereto as true, at least in so far as regards their sufficiency to toll or avoid the running of the pleaded limitation against his cause of action.

The allegations of the reply and its amendments were that the plaintiff had, within eight months after receiving his injury, in good faith filed his application

for compensation with the compensation board, because of his then belief that his employer and he, as its employee, were at such time each operating under the provisions of the Workmen's Compensation Act and, for such reason, that the compensation board had jurisdiction to hear and make award upon his claim. Therefore, he argues, the board's later adverse ruling and dismissal of his claim, upon the ground that it had no jurisdiction of it, constituted an adjudging "by a court" that "it had no jurisdiction of the action" and thus brought the facts of the case within the provisions of said section 2545, Kentucky Statutes, under which he was permitted, within three months from the time of such judgment dismissing his action for lack of jurisdiction, to commence a new action for damages in the proper court. Plaintiff insists that he did thus commence a new action therefor in the Harlan circuit court within three months after the adverse decision of the compensation board; in fact, even before such three-month period, as he filed such new action February 2, 1932, prior to the board's adverse judgment. Upon such facts he insists that his common-law action, filed February 2, 1932, was thus brought within the saving provisions of section 2545, Kentucky Statutes, thus tolling and avoiding the one-year statute of limitations, section 2516, Kentucky Statutes, pleaded in bar of his right of action.

After a careful consideration of this claim, which appellant so insistently argues, we are unable to concur with him that it is here applicable or effective to toll the operation of section 2516 of the Statutes. It is to be noted that the quoted section 2545, relied upon by appellant, requires: (1) That an action shall have been commenced in due time and in good faith in a "court of this Commonwealth"; (2) that the same shall have been defended; and (3) that such court should have adjudged that it had no jurisdiction of the action. The statute thus requires that the action should have been brought in some "court of this Commonwealth." The Workmen's Compensation Board has been expressly determined by this court not to be a court within the meaning and purview of section 135 of the Constitution, reading "no courts, save those provided for in this Constitution, shall be established."

In the case of Greene v. Caldwell, 170 Ky. 571, 186

S. W. 648, 653, Ann. Cas. 1918B, 604, the court, in its opinion written by Judge Carroll, said:

"This question was before us when we came to consider the act of 1914, and we did not then find that this compensation board was a court in the meaning of the Constitution, and so the objection to the compensation board on this ground was over-ruled. * * *

"From these excerpts it will be seen that in all cases in which there arises a question affecting the substantial rights of either the employer or the employee, an appeal may be taken to the courts from the decision of the board upon the record made up in the hearing before the compensation board. So that the board, in its settlement of disputes arising between employer and employee as to the compensation the employee is entitled to, is really nothing more than an agency created by the Legislature for the purpose of assisting the courts in the preliminary findings of fact that may be necessary in executing the administrative features of the act. If the parties are satisfied with the decision of the board, it merely acts as a board of arbitration whose judgment is acquiesced in by the parties who have submitted the matter in dispute to its settlement; if they are not satisfied they may appeal to the courts."

Further, the quoted statute refers to a case wherein the action is one and the same action, which is first mistakenly brought in a court without jurisdiction and dismissed by it for want of jurisdiction, after which, the same action is again commenced, within the three-month period allowed, in another or proper court having jurisdiction. It may here be regarded as extremely doubtful whether appellant's claim for compensation, filed with the board, and his later common-law action, filed in the circuit court for damages, upon the grounds of negligence, more than a year after receiving his injury, can be properly considered as being and constituting one and the same action. Further, again it may be doubted, even while conceding that plaintiff did, within due time and in good faith, file his application with the board for an allowance of workmen's compensation, that in so doing he submitted his claim therefor to the board through mistake as to the board's proper jurisdiction to

arbitrate his claim and award compensation; but rather it would appear that he acted under a mistake as to the basic jurisdictional fact of whether or not he had signed the register agreeing to work under the provisions of the act, upon which his right to have awarded, as well as the board's right to award, compensation was alike bottomed. Plaintiff's claim was not dismissed by the board upon the ground that it did not have jurisdiction to hear and determine compensation cases in proper instance—but, rather, that plaintiff's application did not come within such class, because of his failure to register his agreement to work under the provisions of the act.

In view of these considerations which we deem here controlling, we are constrained to conclude that the provisions of section 2545, Kentucky Statutes, pleaded and relied on by plaintiff for avoiding and tolling the one-year statute of limitations, are not effectual therefor, in that we do not find the case at bar to be such an one as is by section 2545 defined and provided for; i. e., one wherein plaintiff first filed within due time his action before a court of the commonwealth, which was therein dismissed for want of jurisdiction and after which he again filed the same action in the proper court within three months thereafter.

We regret that the result of our having reached this conclusion is that plaintiff is thereby denied the right to further prosecute his common-law cause of action for injuries and have it heard and determined upon its merits. However, his misfortune in this lies at his own door, inasmuch as it is manifest that it is, in the first instance, due to his own inadvertence in failing to properly qualify as an employee working under the provisions of the Workmen's Compensation Act, so as to entitle him to a hearing by its board of his compensation claim, and, in the second instance, due to his failure to file his common-law action for damages for his injuries in due time, or within the period by the statutes allowed therefor.

We are therefore constrained to conclude that the trial court properly sustained defendant's demurrer and its judgment in so doing is affirmed.