### SARTIN v. MORAN-BUCKNER CO. et al.

No. 29033. Nov. 21, 1939.

Rehearing Denied July 1, 1941.

*114 P. 2d 938.*

C. A. Ambrister, of Muskogee, and F. A. Greene, of Eufaula, for plaintiff in error.

Brower Broaddus and Julian B. Fite, both of Muskogee, for defendants in error.

PER CURIAM. The plaintiff in error, hereafter referred to as plaintiff, sustained an accidental personal injury on January 23, 1936, and attempted to recover compensation therefor under the provisions of the Workmen's Compensation Law from the defendant in error Moran-Buckner Company, a corporation, hereafter referred to as the corporation. Due to the inability of the plaintiff to show the existence of the relationship of master and servant, a first prerequisite to an award under such act

(Mastin v. Black, 176 Okla. 46, 54 P. 2d 399), the State Industrial Commission dismissed the claim for lack of jurisdiction to entertain it. On review this court sustained the Industrial Commission (Sartin v. State Industrial Commission, 183 Okla. 268, 81 P. 2d 306). On January 21, 1938, the plaintiff filed in the district court of Muskogee county a petition wherein he sought to recover damages for his injury from the defendant in error Moran-Buckner Company, a copartnership, hereafter referred to as the partnership. The corporation was subsequently made a party to the action. Separate demurrers of the respective defendants to an amended petition of the plaintiff were sustained, that of the corporation for the reason that the petition showed on its face that the action had not been brought within the period limited by statute and that of the partnership on account of failure of plaintiff to state facts in his petition sufficient to state a cause of action against it. Motion for new trial was overruled, and the plaintiff has prosecuted this appeal.

The plaintiff contends that the proceeding before the State Industrial Commission was an action, which entitled him upon a failure thereof, otherwise than upon the merits, to commence a new action within the time limited by section 106, O. S. 1931, 12 Okla. St. Ann. § 100, which provides as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

An "action" is defined by statute (section 9, O. S. 1931, 12 Okla. St. Ann. § 4), as follows:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

And by section 10, O. S. 1931, 12 Okla. St. Ann. § 5, it is provided:

"Every other remedy is a special proceeding."

The plaintiff urges that since by section 1 of article 7 of the Constitution it is provided judicial power shall be vested in commissions and boards, as well as courts, that the State Industrial Commission must be held to be vested with judicial power, and consequently to be a court. This contention cannot be entertained, since it is no longer an open question in this jurisdiction that the State Industrial Commission is not a court, but is merely an administrative body clothed with quasi-judicial power for the purpose of administering relief under the Workmen's Compensation Law. See Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217; Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846. Since this is true, it follows that a proceeding before the Industrial Commission cannot be an action within the definition given by statute, supra, but is a special proceeding under the statute. The reason for this becomes evident when the purpose of the proceeding before the Industrial Commission is considered. As pointed out in United States Casualty Company v. Steiger, 179 Okla. 407, 66 P. 2d 55; Van Orman v. Robinson, 150 Okla. 156, 300 P. 412; Rialto Lead & Zinc Co. v. State Industrial Commission, 112 Okla. 101, 240 P. 96, 44 A.L.R. 494; and Skelton Lead & Zinc Co. v. State Industrial Commission, 100 Okla. 188, 229 P. 255, the purpose of the Workmen's Compensation Law is not to provide indemnity for injury, but to afford compensation for loss of earning power caused by disability to labor and perform work. The relief afforded an employee under the Workmen's Compensation Law is separate and distinct from any right of action which he may have to recover for a wrong done to him. For, as said in the case of Smith v. Baker, 157 Okla. 155, 11 P. 2d 133:

"By the provisions of the Workmen's Compensation Act, an employee may receive compensation for accidental injuries arising out of his employment,

180

although there was no actionable fault by his employer, that it, the employee is granted rights that did not exist at common law, and, under the uniform construction of such acts, the rights of an injured employee are the same without regard to whether or not there was actionable fault on the part of the employer. The employee is given the right to compensation in cases where he would have had no cause of action at law, and he is required to accept the compensation provided by the act, although he would have a cause of action at law in the absence of such an act."

In other words, it is to be observed that the purpose of a proceeding before the State Industrial Commission is to obtain relief under the Workmen's Compensation Law and nothing else, and while one who erroneously claims compensation under said act is not thereby estopped to maintain any other action which he may have in a proper forum if he does so within the time limited by law (Dixon v. Gaso Pump & Burner Manufacturing Co., 183 Okla. 249, 80 P. 2d 678), nevertheless, if he omits to bring such action within the time limited, he may not rely upon the proceeding had before the Industrial Commission to toll the statute of limitations. As said in Sears v. Elcomb Coal Co., 253 Ky. 279, 69 S. W. 2d 382:

"Dismissal of compensation claim by compensation board for lack of jurisdiction *held,* not to extend time for filing action for personal injuries within the statute providing that new action could be started within three months after court dismissed for lack of jurisdiction, since board was not 'court' within meaning of Constitution."

The plaintiff had no claim under the Workmen's Compensation Law; his sole action was one for personal injuries against the Moran-Buckner Company, a corporation, and he failed to bring this action within the time limited by law, and the allegations of his petition failed to state a cause of action against the copartnership, the trial court committed no error in sustaining the demurrers and in dismissing the petition. It will be unnecessary to discuss any of the other matters urged by the respective parties.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur.