[No. 35201. Department One. May 5, 1960.]

ROY WINSTON, *Appellant*, v. RICHARD W. WINES, INC., *et al.*, *Respondents.*[1]

*Walthew, Warner & Keefe (James E. McIver,* of counsel), for appellant.

*Hullin, Ehrlichman, Carroll & Roberts* and *Wright, Booth & Beresford,* for respondents.

DONWORTH, J.—This is an appeal from a summary judgment entered in favor of respondents.

On April 29, 1955, appellant, who had been employed as a common laborer for respondent Richard W. Wines, Inc., sustained injuries as the result of an altercation with respondent Don Pomeroy, the construction foreman of respondent corporation.

On December 12, 1955, appellant filed an accident report with the department of labor and industries, alleging an injury of an industrial nature to have occurred on April 29, 1955, during the course of his employment with respondent corporation. On January 9, 1956, the supervisor of industrial

[1]Reported in 351 P. (2d) 929.

insurance issued an order rejecting the claim on the basis that, at the time of the injury, appellant was not in the course of his employment and therefore was not entitled to benefits under the provisions of RCW 51.32.020 (the workmen's compensation act).

On January 19, 1956, appellant appealed from the supervisor's order to the board of industrial insurance appeals. The appeal was granted by an order dated February 9, 1956.

On September 10, 1956, after having held hearings on the matter, the board issued an order affirming the supervisor's order of January 9, 1956.

Thereafter, appellant appealed from the board's order to the superior court for King county. A jury having been waived by agreement of both parties, the case came on for trial before the court on September 25, 1957.

On October 24, 1957, the trial court entered findings of fact, conclusions of law, and a judgment affirming the order of the board of industrial insurance appeals.

No appeal was taken to this court from that judgment.

On March 13, 1958, appellant filed a common-law action for assault against respondents. Respondent corporation filed an answer and cross-complaint and respondent Don Pomeroy filed an answer. On August 18, 1958, respondents, by amended answers, alleged that appellant's cause of action was barred under RCW 4.16.100, on the ground that it was not instituted within two years after the cause of action arose.

Appellant filed an amended reply to respondents' amended answers, and on March 6, 1959, respondents filed motions for summary judgment.

On March 27, 1959, the trial court made findings of fact and conclusions of law, and granted respondents' motions. This appeal followed.

■ Appellant takes the position that the statute of limitations governing his common-law action was tolled until a judicial determination could be made as to his rights under the workmen's compensation act. In support of his position, he cites RCW 4.16.230 as follows:

"When the commencement of an action is stayed by injunction or a *statutory prohibition*, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." (Italics ours.)

Appellant then cites RCW 51.04.010, being a portion of the workmen's compensation act, to the effect that the remedies therein are exclusive of all other legal proceedings.

Appellant's position is not well taken. There was no statutory prohibition here which would have prevented appellant from instituting his common-law action at any time within the period prescribed by the statute of limitations. RCW 51.04.010 gives the department of labor and industries exclusive jurisdiction only in those cases where the workmen's compensation act applies. Whether the act applies in this case depends on whether or not appellant was in the course of his employment when he was injured. The supervisor of labor and industries does not have exclusive jurisdiction to determine this factual issue. See *Thoma v. Montag & Sons, Inc.*, 54 Wn. (2d) 20, 337 P. (2d) 1052 (1959), and *Gordon v. Arden Farms Co.*, 53 Wn. (2d) 41, 330 P. (2d) 561 (1958). The injured workman may submit this issue either to the department *or* to the superior court.

In this case appellant first submitted the issue to the department. The department ruled that appellant's action did not fall under the workmen's compensation act because he was not in the course of his employment when he was injured. This ruling was affirmed by the board of industrial insurance appeals and also on appeal by the superior court. Since there is no statutory provision preventing appellant from submitting this factual issue directly to the superior court, it follows that appellant was never under any statutory restraint from instituting his action therein.

In *Sartin v. Moran-Buckner Co.*, 189 Okla. 178, 114 P. (2d) 938 (1939), the plaintiff sustained a personal injury and sought relief under the workmen's compensation act of Oklahoma. Being unable to establish the relationship of master-servant, a prerequisite to any award under the act, the Oklahoma state industrial commission dismissed his

claim for lack of jurisdiction. Plaintiff then commenced an action at common law in the trial court, and defendant's demurrer was sustained on the ground that the statute of limitations had expired. On appeal, the supreme court of Oklahoma, in a *per curiam* opinion, affirmed the judgment of the trial court, and stated:

". . . it is to be observed that the purpose of a proceeding before the State Industrial Commission is to obtain relief under the Workmen's Compensation Law and nothing else, and while one who erroneously claims compensation under said act is not thereby estopped to maintain any other action which he may have in a proper forum if he does so within the time limited by law [citation omitted], *nevertheless, if he omits to bring such action within the time limited, he may not rely upon the proceeding had before the Industrial Commission to toll the statute of limitations. . . .*" (Italics ours.)

To the same effect, see *Robinson v. Robins Dry Dock & Repair Co.*, 238 N. Y. 271, 144 N. E. 579, 36 A. L. R. 1310 (1924).

Both of the compensation acts involved in the *Sartin* case, *supra*, and the *Robinson* case, *supra*, contained a provision similar to RCW 51.04.010, making remedies under the compensation act exclusive of all other proceedings.

In *Gordon v. Arden Farms Co.*, *supra*, the trial court dismissed plaintiff's personal injury action on the ground that an action at common law could not be maintained by an employee covered by the workmen's compensation act for an injury sustained during the course of her employment. Plaintiff appealed and we affirmed the judgment of the trial court. During the course of our opinion we said:

"The sole issue is whether Elvira Gordon . . . was in the course of her employment at the time she sustained her injury. If she was, the trial court was clearly right, as she then had no alternative except to take under the workmen's compensation act. . . . If she was not, she was entitled to wage her action against her employer, Arden Farms Company, . . . and the trial court erred in dismissing her action.

"*Mrs. Gordon has not overlooked the possibility that her remedy may be under the workmen's compensation act.* She has filed a claim with the department of labor and industries, which has been rejected. Both Mrs. Gordon and her employer have appealed from that rejection to the board of industrial insurance appeals, contending that this injury is covered by the workmen's compensation act. *While apparently an inconsistent position on the part of Mrs. Gordon, it is necessary that she preserve her rights under that act, should it be determined that she cannot maintain this action. The appeal to the board of industrial insurance appeals is held in abeyance pending our decision in this case.*" (Italics ours.)

Unlike appellant in the *Arden* case, *supra*, appellant in the case at bar apparently overlooked the possibility of pursuing his remedy at common law while preserving his claim under the workmen's compensation act.

In any event, there was no statutory prohibition in effect during the time appellant was prosecuting his claim in the department (and appeals from the supervisor's order) which prevented his instituting an action directly in the superior court.

This being the situation, there was nothing here to toll the running of the two-year statute of limitations against his alleged cause of action in the superior court, and, consequently, it was barred on April 29, 1957. His complaint, filed March 13, 1958, attempted to assert a vulnerable cause of action which respondents properly challenged.

The summary judgment of dismissal must be and hereby is affirmed.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.