369 A.2d 425

Mary Ann COURTS, a minor, by her parent and natural
guardian, Eileen Courts, and Eileen Courts,
in her own right, Appellants,

v.

Virginia Ruth CAMPBELL.

Superior Court of Pennsylvania.

Argued Sept. 13, 1976.

Decided Nov. 22, 1976.

328

Mark A. Koral, Philadelphia, for appellant.

William H. Bradbury, III, Norristown, with him William H. Kinkead, III, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in dismissing their complaint for failure to comply with the applicable statute of limitations. We affirm the order of the lower court dismissing the complaint.

On December 3, 1969, appellee was driving a vehicle in Montgomery County, which struck and injured the minor appellant who was then five years of age. The minor appellant sustained a fracture of the right femur and an injury to the right kidney for which she was hospitalized five weeks.

Approximately one week after the accident, Mr. Paul Becker, an adjuster for the appellee's insurance carrier, contacted the appellant-mother, Mrs. Courts, by telephone to inquire about the physical condition of the minor appellant. During the two years immediately following the accident, Mr. Becker telephoned Mrs. Courts approximately twelve times. Generally, the conversations related to the recovery of the minor plaintiff and the payment of her doctor bills. Mr. Becker advised Mrs. Courts to forward the medical bills to him for payment. Mrs. Courts sent him the doctor bill which totalled $321.-00. The appellee's insurance company sent a check in that amount dated November 23, 1971, and a release to appellants. Appellants did not deposit the check or sign the release.

Appellants filed a complaint on August 24, 1972, eight months after the running of the statute of limitations. As an affirmative defense, appellee raised appellant's failure to comply with the two year statute of limitations applicable in a personal injury case.[1] By stipulation of counsel, the issue of the applicability of the statute of limitations was tried on December 22, 1975, before a Montgomery County Court of Common Pleas sitting without a jury. On February 6, 1976, the trial court issued an order dismissing the complaint for failure to comply with the statute of limitations. This appeal followed.

Appellants contend that the appellee is estopped by its own conduct from pleading the statute of

1. Act of June 24, 1895, P.L. 236, § 2; 12 P.S. § 34.

limitations. The statute of limitations in an action to recover damages for personal injury, not resulting in death, is two years. Nonetheless, the running of the statute may be tolled and a defendant estopped from asserting it as a defense, in clear cases of fraud, deception, or concealment. *Plazak v. Allegheny Steel Co.,* 324 Pa. 422, 188 A. 130 (1936). The Supreme Court summarized the legal principles relevant to establish a claim of estoppel in *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967): "(a) mere mistake, misunderstanding or lack of knowledge do not toll the running of the statute of limitations; (b) if, through fraud, deception or concealment of facts, an insurance company lulls an injured person or his representatives into a sense of security so that such person's vigilance is relaxed, then the company is estopped from evoking the statute; (c) the fraud which will toll the statute and effect an estoppel need not be fraud in the strictest sense, i. e., inclusive of an intent to deceive, but may be fraud in the broad sense, i. e., inclusive of an unintentional deception; (d) an estoppel becomes operative only in *clear* cases of fraud, deception or concealment; (e) the statute of limitations will run against persons under a disability, including minors and incompetents." (Citations omitted, emphasis in original). 424 Pa. at 449–450, 227 A.2d at 835. It is also clear that the party asserting estoppel bears the burden of proving the existence of such fraud or concealment by evidence that is clear, precise and convincing. *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964).

In the instant case, the lower court sat at trial without a jury and thus, it had to judge the credibility of the witnesses and to weigh their testimony. *Lawner v. Engelbach,* 433 Pa. 311, 249 A.2d 295 (1969). "At the appellate level it is not our duty to find the facts but to determine whether there is evidence in the record to justify the trial court's findings of fact." *Lawner,* supra at 313, 249 A.2d at 297. Further, it is well-settled

that "[w]hen a trial judge sits without a jury his findings of fact . . . have the weight of a jury verdict and cannot be disturbed on appeal unless they lack sufficient and competent evidential support. In such case, the party favored by the finding is entitled to have the evidence viewed in the light most favorable to him and to have all conflicts in the testimony resolved in his favor." *Darlington Brick and Clay Products, Inc. v. Aino*, 225 Pa.Super. 186, 187, 310 A.2d 401, 402 (1973); see also *Krobot v. Ganzak*, 194 Pa.Super. 49, 166 A.2d 311 (1960). Thus, we must view the evidence in the light most favorable to the appellee.

At trial, appellant and her husband testified that they had the impression that the insurance company would pay them more than the amount of the medical bills. They stated that the adjuster told them that he would take care of everything. Appellants also argue that the adjuster's actions of telephoning and reassuring Mrs. Courts caused her to relax her vigilance and delay institution of this action. Appellants contend that sending a check in payment of the doctor bill just ten days prior to the running of the statute leads to an estoppel on the part of the appellee.

The insurance adjuster directly contradicted the testimony of Mr. and Mrs. Courts. He testified that he told the Courts that he would only pay the medical bills and that he never left the impression that any additional payment would be made. He indicated that the check was not sent until just prior to the running of the statute in order to be certain that all of the child's medical bills would be paid. The trial court resolved the conflict in testimony in favor of the appellee. The court below stated in its opinion: "[appellants] have not shown by clear, precise, and convincing evidence that the insurance adjuster did, in fact, deal with them fraudulently or deceptively. The testimony of the adjuster, as well as the testimony of both parents of the minor plaintiff, indicated

that the only actual representation made to the plaintiffs was that the insurance company would pay all of the doctor bills incurred as a result of the accident . . .. The parents of the minor plaintiff both testified that they were 'under the impression' that they would receive more; however, they were unable to cite any specific conduct or language on the part of the adjuster which fraudulently or deceptively fostered this impression. Accordingly, this impression can only be characterized as a mistaken belief on their part, and, as such, it is not enough to toll the running of the statute."

The insurance adjuster's statements clearly refute Mr. and Mrs. Courts' testimony. Further, the Courts could not remember any specific words or statements by the adjuster that led to their belief that they would receive more than the amount of the medical bills. They only had an impression that they would receive more.

██ ██ It is clear that the lower court made a factual finding that the appellants failed to prove fraud on the part of the insurance company. The trial judge had the opportunity to view the witnesses and judge their credibility. On appeal, we cannot make findings of fact. *Lawner v. Engelbach*, 433 Pa. 311, 249 A.2d 295 (1969). There is ample evidence on the record to support the trial judge's findings that the appellants did not prove fraud.

Judgment affirmed.