W. Ken Duffy, Plaintiff *v.* Commonwealth of Pennsylvania, Defendant.

Argued September 13, 1979, before Judges MENCER, DiSALLE and MACPHAIL, sitting as a panel of three.

No appearance for plaintiff.

*Maribeth Wilt-Seibert,* with her *Walter F. Froh,* Assistant Attorney General, *John L. Sweezy,* Chief Attorney of Unit, *Anthony Krzywicki,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for defendant.

OPINION BY JUDGE MENCER, October 18, 1979:

W. Ken Duffy, an attorney, filed a complaint in this Court on September 12, 1978, alleging that the Harness Racing Commission (Commission) negligently and/or intentionally denied him a stock option for 10 percent of the corporate stock of Pocono Downs, Inc. A reading of the complaint leads to the conclusion that the action of the Commission on which the cause of action is based occurred in the year 1962.

The Commonwealth of Pennsylvania, the named defendant in Attorney Duffy's suit, filed preliminary objections to the complaint. We sustain the defendant's preliminary objections in the nature of a demurrer and dismiss plaintiff's complaint for the following reasons.

This action, commenced approximately 16 years after the alleged wrong, is barred by the statute of limitations. The applicable time limit allowed for commencing an action in trespass is 2 years. Act of March 27, 1713, 1 Sm. L. 76, §1, *formerly* 12 P.S. §31, repealed by Section 2(a) of the Judiciary Act Repealer Act,

Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a)[9]. A similar provision is now found in the Judicial Code, 42 Pa. C.S. §5524. Section 25(b) of the Judiciary Act of 1976, 42 Pa. C.S. App., provides that no cause of action fully barred prior to the effective date of the act shall be revived by reason of the enactment of the act. Thus, in the instant case, plaintiff's cause of action was barred in 1964 and we must dismiss his complaint filed in 1978.

Furthermore, a reading of plaintiff's complaint compels the conclusion that it fails to state a cause of action against the Commonwealth of Pennsylvania. The complaint fails to allege any negligent or tortious action by the defendant, nor does it allege that the defendant has any responsibility for the Commission's actions.

Accordingly, we enter the following

ORDER

AND Now, this 18th day of October, 1979, the preliminary objections to plaintiff's complaint, in the nature of a demurrer, are sustained, and the complaint filed in the above captioned case is hereby dismissed.