426 A.2d 116

**Frank HENRY, Appellant,**

v.

**CONTROL PRODUCTS COMPANY**

v.

**CERRO CORPORATION and Cerro Wire and Cable Company.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Feb. 13, 1981.

Petition for Allowance of Appeal Granted May 8, 1981.

Mark B. Aronson, Pittsburgh, for appellant.

George M. Evan, Pittsburgh, for Control Products, appellee.

Charles Kirshner, Pittsburgh, for Cerro, appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This is an appeal from an order granting a motion for summary judgment in favor of appellee, Control Products Company. The sole issue is whether the lower court was correct in holding that the suit was barred by the applicable two-year statutory time limitation. We affirm.

On October 3, 1972, appellant filed a claim against his employer for Workmen's Compensation benefits for injuries allegedly sustained as a result of working with fiberglass-insulated wire supplied to his employer by a third party. The denial of the claim was affirmed by Commonwealth Court on June 22, 1978. No further appeal was taken. On September 7, 1978, appellant commenced the instant personal injury action against his employer in the Court of Common Pleas of Allegheny County. No claim is made that the appellant did not or could not have discovered the cause of his physical condition so as to extend the time for filing suit. Indeed, the record shows that he separated from his employment on July 28, 1972, and that he filed his claim with the Bureau of Workmen's Compensation on October 3, 1972, almost six years prior to the filing of the instant action. Rather, the claim is made that the statutory time limitation was tolled during the pendency of his Workmen's Compensation proceeding.

Initially, we must determine the applicable statutory time limitation governing this action. Currently, there is a two-

year time limitation on the commencement of personal injury actions. This is set forth in 42 Pa.C.S.A. § 5524(2),[1] which repealed 12 P.S. § 34 and became effective on June 27, 1978, more than two months prior to the institution of this suit. The legislature, in enacting 42 Pa.C.S.A. § 5524(2), provided that "no cause of action fully barred prior to the effective date of this Act shall be revived by reason of the enactment of this Act." Act of July 9, 1976, P.L. 586, No. 142, § 25(b), 42 Pa.C.S.A. § 5524; *Duffy v. Commonwealth*, 46 Pa. Cmwlth. 529, 406 A.2d 1204 (1979).

In the instant case, absent an exception which would toll the running of the statute of limitations, appellant's suit was fully barred prior to June 27, 1978, the effective date of 42 Pa.C.S.A. § 5524(2). Thus, we must examine 12 P.S. § 34, the predecessor of 42 Pa.C.S.A. § 5524(2), to determine whether there were any exceptions which would toll the running of the statutory time limitation during the pendency of Workmen's Compensation proceedings.

In interpreting a statute, we must ascertain and effectuate the intention of the legislature. *Commonwealth v. Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979); *Duquesne Light Co. v. Borough of Monroeville*, 449 Pa. 573, 298 A.2d 252 (1972); *Commonwealth ex rel. Jones v. Jones*, 216 Pa.Super. 1, 260 A.2d 809 (1969). To ascertain the legislature's intent in enacting 12 P.S. § 34, we must first examine the language of the statute itself. The following language in 12 P.S. § 34 clearly and unambiguously sets a two-year limitation on commencing a personal injury action:

> Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards . . . .

12 P.S. § 34 (repealed June 27, 1978). Our courts, in applying the statute have held that it should be strictly

1. "The following actions and proceedings must be commenced within two years: (2) an action to recover damages for injuries to the person . . .

420

construed. *Bonfitto v. Bonfitto*, 391 Pa. 187, 137 A.2d 277 (1958); *Hill v. SEPTA*, 67 D.&C.2d 333 (1974); *Bermudez v. PTC*, 64 D.&C.2d 462 (1973).

Nevertheless, despite the seemingly mandatory nature of 12 P.S. § 34, certain exceptions to the rule have evolved. Our courts have held that only in cases of fraud, deception or concealment[2] will the running of the limitation period be tolled. *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967); *Courts v. Campbell*, 245 Pa.Super. 326, 369 A.2d 425 (1973). However, mere mistake, misunderstanding or lack of knowledge do not toll the running of the limitations period. *Walters v. Ditzler, supra; Courts v. Campbell, supra.* Similarly, the statute of limitations has been held to run against persons under a disability including minors and incompetents. *Walters v. Ditzler, supra.* In the instant case, there is no allegation of fraud, deception or concealment of facts. Thus we find no authority in Pennsylvania creating an exception which tolls the statutory limitation period solely because of the pendency of Workmen's Compensation proceedings. Moreover, if appellant was unsure of his remedy, there was no statutory prohibition preventing him from commencing a civil action concurrent with his Workmen's Compensation claim. He could easily have protected his common-law rights by doing so. Indeed, appellant did simultaneously commence a common-law action within the two-year limitation period against Cerro Corporation and Cerro Wire and Cable Company claiming damages resulting from the use of their product while employed by appellee.

Other jurisdictions have addressed the issue now before this Court and have held that the filing of a Workmen's Compensation claim does not toll the running of a statutory time limitation governing a personal injury action. *Arnaud*

2. The legislature, in enacting the current statute of limitations governing personal injury actions, has codified certain exceptions to the statute. These exceptions are: Absence or concealment, 42 Pa.C. S.A. § 5532; Infancy, insanity or imprisonment, 42 Pa.C.S.A. § 5533; and War, 42 Pa.C.S.A. § 5534.

*v. Molbert Brothers Poultry and Egg Co., Inc.,* 368 So.2d 1187 (Louisiana 1979); *Campbell v. Sonford Chemical Co.,* 486 S.W.2d 932 (Texas 1972); *Winston v. Wines, Inc.,* 56 Wash.2d 192, 351 P.2d 929 (Washington 1960); *Sears v. Elcomb Coal Co.,* 253 Ky. 279, 69 S.W.2d 382 (Kentucky 1934).

Appellant relies on *Elkins v. Derby,* 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81 (1974).[3] In that case, the California Supreme Court held that the running of the California Statute of Limitations on personal injury actions was tolled during the pendency of Workmen's Compensation proceedings. However, we believe the legislative mandate embodied in 12 P.S. § 34 is clear and that we cannot and should not carve out a new exception to the statutory law by judicial decision. We therefore join the majority of jurisdictions which have decided the issue and have held that the statute of limitations was not tolled during the pendency of Workmen's Compensation proceedings.

Affirmed.

---

**3.** Appellant also relied on *Boniecke v. McGraw-Edison Co., et al.,* 485 Pa. 163, 401 A.2d 345 (1979). However, such reliance is misplaced since the issue in the instant case is not whether the Workmen's Compensation Act deprives the Court of Common Pleas of jurisdiction over appellant's claim but, rather, whether appellant's personal injury action was barred by the statute of limitations.