In re **FIDELITY AMERICA FINANCIAL CORPORATION, Debtor.**

**FIDELITY AMERICA FINANCIAL CORPORATION, Plaintiff,**

v.

**Sidney E. LITT and Lorraine G. Litt, Defendants.**

**Bankruptcy No. 81–00385G.**
**Adv. No. 81–0217G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 20, 1983.

---

Franklin M. Cohen, Philadelphia, Pa., for plaintiff, Fidelity America Financial Corp.

Alan E. Boroff, Wisler, Pearlstine, Talone, Craig & Garrity, Norristown, Pa., for defendants, Sidney E. Litt and Lorraine C. Litt.

Norman M. Kranzdorf, Bala Cynwyd, Pa., trustee.

Rubin, Quinn & Moss, Philadelphia, Pa., for trustee, Norman M. Kranzdorf.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case at bench is whether the statute of limitations bars the debtor from prevailing on a suretyship contract which is ostensibly a sealed instrument. For the reasons stated herein we find the action is barred.

The facts of this case are as follows:[1] Sidney E. Litt ("Litt") was the president and sole shareholder of American Educational Council, Inc. ("AEC"), on February 25, 1966, when Fidelity America Financial Corporation ("the debtor") loaned funds to AEC under an accounts receivable financing contract. Litt and his wife, Lorraine Litt, guaranteed repayment of the loan under a suretyship contract signed the same day. Although the word "seal" was printed to the right of each signature line, neither Lorraine nor Sidney Litt intended to adopt the seal as their own. Three days later the debtor filed a confession of judgment against them. In December of 1969 Litt

and his wife paid the debtor $20,000.00 for the release of the judgment lien on a parcel of property owned by them. The release document provided that it would not invalidate the effect of the debtor's judgment on any other realty owned by the Litts. Later that year the debtor and AEC agreed that the $6,152.30 balance on the debt would be paid by AEC at a rate of $100.00 per month plus interest. AEC defaulted on the agreement within several months. The debtor filed a confession of judgment in 1979 which merged in the debtor's subsequent complaint in confession of judgment. Default judgment was entered against Litt and his wife for $26,548.74 plus a fifteen percent attorneys' fee authorized by the confession of judgment for a total of $30,531.05. The Litts successfully petitioned the county court to reopen the judgment and thereupon the debtor removed the action to this court where it has remained after our denial of the Litts' motion for remand.

The Litts contend, *inter alia,* that redress on the breach of the suretyship contract is barred by the Statute of Limitations. In presenting their position they assert that the contract is not a sealed instrument. In Pennsylvania, prior to the effective date of a comprehensive revision in the state's Statute of Limitations passed in 1976, there was no limit on the time for bringing an action for breach of a sealed instrument, although a presumption of payment arose after twenty years. *Transbel Investment Co. v. Scott,* 344 Pa. 544, 546, 26 A.2d 205, 207 (1942). Under Pennsylvania law the word "seal" appearing to the right of the signature lines in a contract is sufficient to make the document a specialty. *Koleff's Estate,* 340 Pa. 423, 427–28, 16 A.2d 384, 386 (1940). "Whether an instrument is under seal or not is a question of law for the court, and whether a seal placed on an instrument has been adopted by the maker as his seal is a question of fact." *Swaney v. Georges Township Road District,* 309 Pa.

[1]. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

385, 388, 164 A. 336, 337–38 (1932). The presence of the word "seal" gives rise to a rebuttable presumption that the maker did adopt the seal as his own. *Klein v. Reid,* 282 Pa.Super. 332, 335, 422 A.2d 1143, 1144 (1980).

As noted above we have made the factual determination that the Litts did not intend to adopt the word "seal" which appeared next to both of their names on the suretyship agreement. Lorraine Litt testified that she never gave any thought to the word "seal" which appeared on the contract although she did not read the document before signing it. Sidney apparently read the contract but stated that he did not notice the word "seal" on the document until his attorney brought it to his attention after he signed it. We find the Litts' testimony credible; neither of them intended to adopt the seals on the contract. This result should not be confused with the situation where a party signs a contract in ignorance of the express provisions thereof, e.g., a contract stating that "the parties intend for this to be a sealed instrument." This latter situation would compel a different result than in the case at bench. Lorraine Litt's failure to read the contract does not preclude the result reached since her testimony leads us to believe that her review of the contract would have put her in no better position than her husband who had read it.

In urging that the action at bench is not barred, the debtor asserts that the six year statute of limitations for unsealed contracts has been tolled by the pendency of a suit on the same cause of action against the Litts in state court. The debtor has cited three county court decisions: *Stephens v. King,* 22 Beaver 32 (1960); *Vaughn v. Roulin,* 54 Sch.L.R. 8 (1957); and *Menefee v. Columbia Broadcasting System, Inc.,* 54 D & C 2d 341. *Stephens* is inapposite since the court held that an action was not barred by the statute of limitations when a praecipe for a writ of summons was filed within the period of limitations. *Vaughn* and *Menefee* supports the debtor's theory that

"[w]here a plaintiff has another case, based upon the same facts, pending in the same court or another court, it tolls the statute of limitations and the statute does not begin to run until final adjudication of the pending case." 54 Sch.L.R. at 9; 54 D. & C.2d at 343–44. The sole authority for this principle as indicated by these cases is derived from *Sattler v. Opperman,* 14 Pa.Super. 32 (1900).[2] In *Sattler* a tenant, who leased a parcel of realty for a "term of one year and so long thereafter as oil or gas [were] produced in paying quantities," sued for conversion of his tools after the lessor refused to allow his recovery of them from the premises. Previously the lessor successfully sued for the lessee's ejectment from the premises. On the conversion claim the court found the defense of the Statute of Limitations without merit. We believe the court's decision can be understood as holding that the Statute of Limitations was tolled by the ejectment action or that the cause of action did not arise until the termination of the ejectment suit. The courts deciding the cases cited above followed the former analysis while we adhere to the latter. As stated in *Sattler:* "There is no evidence whatever which tended to establish a conversion of the property by defendant prior to the verdict [on the ejectment action] . . . ." 14 Pa.Super. at 35. We will follow our interpretation of *Sattler* since the United States Supreme Court has stated that decisions, such as these three cited by the debtor, which are without state-wide precedent, are only entitled to "some weight" but are "not controlling" on the federal courts. *King v. Order of United Commercial Travelers of America,* 333 U.S. 153, 160–161, 68 S.Ct. 488, 492–493, 92 L.Ed. 608 (1948) (construing *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and the Rules of Decision Act currently found at 28 U.S.C. § 1652).

Our analysis is also supported by recent correlative authority. For instance, in *Henry v. Control Products Co.,* 284 Pa.Super. 417, 426 A.2d 116 (1981), *appeal dismissed*

---

**2.** In addition to *Sattler,* Menefee cites *Caimaichelo v. Pinkston,* 41 D. & C.2d 727, 732 (1966)

which relied exclusively upon Sattler for the proposition at issue.

496 Pa. 229, 436 A.2d 982, the court held that the pendency of a Workman's Compensation claim against an employer did not toll the Statute of Limitations for the filing of a personal injury suit against said employer. The court stated "that only in cases of fraud, deception or concealment will the running of the limitation period be tolled." 284 Pa.Super. at 420, 426 A.2d at 118. Also, in *Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir.1974), the court held that the pendency of a wrongful death action filed in the Pennsylvania state courts did not toll the Statute of Limitations for filing an action under 42 U.S.C. § 1983 on the same facts in a federal district court sitting in that state.

Since the debtor's cause of action arose in 1970 upon AEC's breach of the 1969 agreement, this action is barred by the six year statute of limitations on unsealed contracts. 42 Pa.Cons.Stat. § 5527, and former Pa. Stat. tit. 12, § 31, (1 Sm.L. 76, § 1, March 27, 1713). This result makes it unnecessary to address the other defenses raised by the Litts.