582 A.2d 727

**SUBURBAN EAST TIRES, INCORPORATED, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1990.

Decided Nov. 16, 1990.

John R. Banke, Pittsburgh, for petitioner.

Donna Stanek Zehner, Asst. Counsel, with her, Frank B. Wilmarth, Deputy Chief Counsel, and John F. Povilaitis, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Suburban East Tires, Inc. (Suburban) petitions for our review of a February 6, 1990 opinion and order of the Pennsylvania Public Utility Commission (PUC)[1] adopting the decision of the Administrative Law Judge (ALJ) and dismissing Suburban's complaint with the PUC for wrongful termination of electric service by Duquesne Light Company (Duquesne Light).

 The procedural history of this action is as follows. Suburban initially filed a civil complaint against Duquesne Light at GD81–23538 in the Court of Common Pleas of Allegheny County (trial court) on August 28, 1981, consisting of three counts: Count I for breach of contract for

---

1. Although Suburban's petition for review references a February 12, 1990 order, the actual date of the PUC order is February 6, 1990.

wrongful termination of electric service; Count II for fraud, deceit and misrepresentation; and Count III for slander. On October 20, 1981 order of the trial court dismissed Counts I and II determining that these counts were within the jurisdiction of the PUC. In reaching this decision, the trial court relied upon the bifurcation doctrine enunciated by the Supreme Court in *Elkin v. Bell Telephone Company*, 491 Pa. 123, 420 A.2d 371 (1980).[2]

Suburban appealed this decision to the Superior Court who quashed the appeal as interlocutory on the basis that Suburban still had the right to a bifurcated adjudication on liability by the PUC followed by a trial court determination of damages and hence, was not put "out of court." The case was then remanded to the trial court for disposition.[3]

Procedurally, nothing more was done relative to the dismissal of Counts I and II until on June 9, 1989 Suburban filed a formal complaint before the PUC alleging that electric service was improperly terminated by Duquesne Light on October 21, 1980. The complaint filed by Suburban requested a hearing on the wrongful termination issue.

On September 15, 1989, Duquesne Light filed a motion to dismiss and a memorandum of law arguing that the complaint was barred by statute of limitations. A hearing on the merits was scheduled by the PUC for September 22, 1989. Sometime after the hearing was scheduled, the ALJ changed the hearing on the merits to a "prehearing conference" because of the motion to dismiss filed by Duquesne Light. On the date of the prehearing conference, Septem-

2. Under the bifurcation procedure, when there is an issue before the court of common pleas for damages involving services rendered by a public utility under jurisdiction of the PUC, the court of common pleas refers the issue to the PUC for a determination of reasonableness of service. If the PUC finds the service unreasonable, the matter is heard by the court of common pleas for a determination of appropriate damages.

3. At that point in time, the only matter remaining for disposition was Count III for slander. After a hearing on the merits before an arbitration panel on March 13, 1989 at which Suburban received a favorable decision and an award on Count III, Suburban appealed for a *de novo* jury trial, deeming the monetary award insufficient. That trial is presently pending before the trial court.

ber 22, 1989, Suburban submitted a response to the motion to dismiss and a memorandum of law in opposition to the motion. Subsequent to the prehearing conference, the ALJ determined that Suburban's complaint was barred by statute of limitations, specifically Section 3314(a) of the Public Utility Code (Code), 66 Pa.C.S. § 3314(a). Because of this disposition, no hearing was ever held.

Suburban's exceptions to the decision of the ALJ were denied by the PUC who concurrently dismissed the complaint. This petition for review followed.

■ Suburban now presents us with the issues of 1) whether the ALJ erred in dismissing their complaint as untimely based upon the statute of limitations without a hearing and 2) whether Suburban was deprived of its rights of due process because the procedure for bifurcated hearings does not establish time limitations in which bifurcated claims may be brought. Our review of the PUC decision is limited to determining whether the PUC violated constitutional rights, made an error of law, or made findings of fact which are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Mest v. Public Utility Commission*, 133 Pa.Commonwealth Ct. 128, 574 A.2d 737 (1990).

■ We initially refer to the statute of limitations in question, Section 3314(a) of the Code. This section states in pertinent part:

> *No action* for the recovery of any penalties or forfeitures incurred under the provisions of this part, and no prosecutions on account of any matter or thing mentioned in this part, *shall be maintained unless brought within three years from the date at which the liability therefor arose,* except as otherwise provided in this part. 66 Pa.C.S. § 3314(a) (emphasis added).

This section thus provides a general limitation period of three years for any action under the Code, except as other-

wise provided.[4] Hence, Section 3314(a) requires the complaint filed by Suburban to be brought within three years from the alleged wrongful termination of electric services on October 21, 1980.

Suburban, however, contends that the Section 3314(a) statute of limitations does not apply to the PUC complaint because it is part of a complaint timely filed with the trial court. Suburban avers that there is only one case with several intertwined issues involving identical parties. Suburban further asserts that as the initial complaint was filed within the applicable statutes of limitations for contract, trespass and slander, no Code statute of limitations issue exists. We are unpersuaded by this contention as Section 3314 clearly applies to an action alleging wrongful termination of electric services.

■ Regarding Suburban's second argument, it has previously been determined that pendency of a parallel action in another forum does not toll the running of the applicable statute of limitation. *Henry v. Control Products Company*, 284 Pa.Superior Ct. 417, 426 A.2d 116 (1981). In *Henry*, the Superior Court determined that pendency of a workmen's compensation claim did not toll the running of a statutory time limitation governing a related personal injury action.

■ On this basis, we reject Suburban's argument that it was deprived of Fifth and Fourteenth Amendment rights to due process because the procedure for bifurcated hearings on the merits of a claim, e.g., for wrongful termination of electric service, fails to specifically establish time limitations in which the bifurcated claims must be brought.

Suburban expounds that the bifurcation did not terminate the action; it merely divided the action into two collateral proceedings which would ultimately merge for a determination of damages. Hence, since the original trial court action

4. Another section of the Code, Section 1312, 66 Pa.C.S. § 1312, extends the time limitation period to four years for refunds but is inapplicable to this action.

was timely filed and since the bifurcation simply divided the action, the complaint against the PUC was timely. Applying a new or different time limitation to the PUC complaint would deprive them of due process rights, according to Suburban.

Suburban's contention that the action was simply divided is a mischaracterization of the action of the trial court with respect to the cause of action. In actuality, as mentioned previously, the trial court *dismissed* counts 1 and 2 ruling that those counts fell within the jurisdiction of the PUC. Dismissal does not equate with a mere division of the action. Hence, it was then[5] incumbent upon Suburban to timely file its complaint against Duquesne Light with the PUC.

Despite the standards enunciated in the applicable statute of limitation and in *Henry,* Suburban waited almost seven years before filing a complaint with the PUC. We find no legal justification for this delay and, thus, affirm the PUC's dismissal of Suburban's complaint.

## ORDER

AND NOW, this 16th day of November, 1990, the February 6, 1990 order of the Pennsylvania Public Utility Commission is hereby affirmed.

---

5. Either at the point of dismissal *or* after the Superior Court's quashing of Suburban's appeal as interlocutory.