663 A.2d 750

**STUDENT LOAN MARKETING ASSOC., Appellant,**

v.

**Stephany D. FARR, Appellee.**

Superior Court of Pennsylvania.

Argued April 24, 1995.

Filed August 15, 1995.

Joel M. Flink, Merion Station, for appellant.

Ronald H. Beifeld, Norristown, for appellee.

Before ROWLEY, P.J. and TAMILIA and SAYLOR, JJ.

SAYLOR, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County entering judgment in favor of Appellee, Stephany Farr. We affirm.

In 1983, 1984, and 1987, Stephany Farr signed three promissory notes for Health Education Assistance Loans [1] in order to complete her medical education at Temple University Medical School. In 1985, however, Ms. Farr was involved in an automobile accident and sustained injuries which caused her to suffer seizures and severe headaches which were accompanied by nausea and vomiting and disrupted her vision. Although Ms. Farr did graduate from medical school and began an internship, her symptoms prevented her from completing her internship. Ms. Farr eventually defaulted on each of the three promissory notes in October and November of 1991.

In September of 1991, Ms. Farr had notified Appellant, Student Loan Marketing Association ("SLMA"), that she would be unable to repay her obligation pursuant to the notes and begged a forbearance due to disability. SLMA is a private organization which engages in the business of collect-

---

1. The Health Education Assistance Loan Program is a program of federal insurance of educational loans to graduate students in the fields of medicine. The basic purpose of the program is to encourage lenders to make loans to medical students who desire to borrow money to pay for their educational costs. *See,* 42 C.F.R. § 60.1(a). The Code of Federal Regulations provides that the Secretary of Health and Human Services insures each lender or holder for the losses of principal and interest incurred because of a borrower's death or total and permanent disability. In such instances, the Secretary pays the amount of the loss to the lender or holder, *see,* 42 U.C.S.A. § 292m; 42 C.F.R. § 60.1(c), and the loan is then assigned to the Secretary. At that time, the United States Government becomes the borrower's direct creditor.

ing outstanding student loans on behalf of banks. SLMA had received the three promissory notes on assignment, as permitted by 42 C.F.R. § 60.38. When Ms. Farr informed SLMA that she would be unable to repay the loan, SLMA sent her a checklist of items required by the Secretary of Health and Human Services to be submitted for consideration for disability forbearance. SLMA also sent Ms. Farr a letter which advised her that forbearance was available for disability and explained what documentation was required. On January 16, 1992, Ms. Farr contacted SLMA by telephone and was told that the matter had been submitted to a collection agency and that she should contact the collection agency. Ms. Farr experienced some difficulty in obtaining medical confirmation of her disability, but finally obtained such confirmation on May 15, 1992 and submitted it to SLMA by certified mail on July 28, 1992. On August 28, 1992, SLMA sent Ms. Farr a letter informing her that the information that she had provided was incomplete and specifically requesting that she provide her medical records and complete and return a total disability form. On or about September 1, 1992, Ms. Farr submitted a total disability form. Included in the information on the form was a certification by Dr. Edward J. Alexander that Ms. Farr's disability is permanent.

SLMA did not accept the documentation provided by Ms. Farr as sufficient, and on December 23, 1992, SLMA commenced an action to recover the unpaid principal and interest on the defaulted student loan. On June 23, 1993, the matter was tried before a panel of arbitrators and an award was entered in favor of SLMA in the amount of $35,676.10. Ms. Farr filed a timely appeal.

On March 7, 1994, a trial *de novo* was held. At the time of trial, Ms. Farr's total financial obligation was $36,707.24. The issue at trial was whether Ms. Farr was required to repay SLMA this amount, or whether she had given timely and sufficient notice of a medical disability so that her obligation to SLMA for the loan was forgiven by the terms of the contract governing the loans. The trial court found that Ms. Farr had provided sufficient evidence of her disability in order for

SLMA to have extended her forbearance from her loan obligation. Accordingly, the trial court found in favor of Ms. Farr and judgment was entered in her favor. This appeal followed.

■ On appeal, SLMA contends that the trial court erred in determining that Ms. Farr had submitted adequate documentation of her disability. Specifically, SLMA contends that the Department of Health and Human Services has by its conduct and practice established what medical evidence it requires in order to substantiate a disability claim, and that Ms. Farr never submitted all of the requisite items to SLMA, thereby preventing SLMA from presenting the disability claim to the Secretary of the Department of Health and Human Services. SLMA further contends that the trial court erred in determining that Ms. Farr was permanently and totally disabled, thereby entitling her to forbearance from her obligation to SLMA.

Section 60.39 of the Code of Federal Regulations, 42 C.F.R. 60.39(b) provides:

> **Disability.** (1) The Secretary will discharge a borrower's liability on the loan ... if the borrower is found to be permanently and totally disabled on recommendation of the holder of the loan and as supported by whatever medical certification the Secretary may require. A borrower is totally and permanently disabled if he or she is unable to engage in any substantial gainful activity because of a medically determinable impairment, which the Secretary expects to continue for a long and indefinite period of time or to result in death.
>
> (2) After being notified by the borrower or the borrower's representative that the borrower claims to be totally and permanently disabled, the holder of the loan may not attempt to collect the loan from the borrower or any endorser. The holder must promptly request that the Secretary determine whether a borrower has become totally and permanently disabled. With its request, the holder must submit medical evidence no more than 4 months old that it

has obtained from the borrower or the borrower's representative.

Here, SLMA claims that Ms. Farr did not adequately equip it to present a disability claim to the Secretary of Health and Human Services, in that she never made a timely submission of all the forms and items required by the "disability packet" with which SLMA had furnished her. Therefore, SLMA claims that without documentation such as Ms. Farr's medical records and hospital records, it was incapable of submitting her disability claim to the Secretary of Health and Human Services, because such claim would be rejected as "procedurally incomplete."

The trial court found, however, that the physician's report and certification of disability submitted by Ms. Farr were adequate documentation of her disability. Significantly, the trial court noted that the terms of the loan contract provide:

If I (the borrower) die or become totally and permanently disabled, my unpaid loan, including interest on the capital of the note, shall be cancelled in accordance with applicable Federal regulations.

The trial court, in considering the provisions of the Code of Federal Regulations, also noted that under section 60.39(b)(1), it is the Secretary of Health and Human Services who determines what type of medical certification is required to be submitted in support of a disability claim. Therefore, the trial court concluded that SLMA was not entitled to make the determination that Ms. Farr had submitted inadequate proof of her disability, and held that Ms. Farr had complied with the terms of the loan contract by providing a physician's letter and certification of disability as evidence of her disability. As the finder of fact, the trial court was entitled to make such determination, and we will not disturb such finding on appeal.

With respect to SLMA's contention that the trial court erred in concluding that Ms. Farr was totally and permanently disabled, we note that the evidence submitted by Ms. Farr consisted of a letter from her physician which included a certification of disability. Specifically, the letter stated:

It is my opinion Dr. Stephany Farr is totally and permanently disabled. She is unable to return to any work, because of the chronic headaches. She is unable to return to a residency, because sleep deprivation triggers both seizure and headaches. The frequency and intensity of headaches require narcotics which compromise performance. Anticonvulsant medications cause both lethargy and nausea.... Her prognosis is poor and it is unlikely that she will ever be be to realize her potential given her physical limitations.

Ms. Farr's physician also completed the total disability form supplied by SLMA, stating that: "... in my best professional judgment, the disabled person named above is unable to engage in any substantial gainful activity or attend school because of a medically determinable impairment." On the form, the physician classified Ms. Farr's disability as permanent.

The trial court, sitting as the finder of fact in this case, found the evidence submitted by Ms. Farr in support of her disability claim to be credible. "At the appellate level it is not our duty to find the facts but to determine whether there is evidence in the record to justify the trial court's findings of fact." *Courts v. Campbell,* 245 Pa.Super. 326, 330, 369 A.2d 425, 428 (1976), quoting *Lawner v. Engelbach,* 433 Pa. 311, 313, 249 A.2d 295, 297 (1969). Furthermore, it is well settled that

[w]hen a trial judge sits without a jury his findings of fact ... have the weight of a jury verdict and cannot be disturbed on appeal unless they lack sufficient and competent evidential support. In such case, the party favored by the finding is entitled to have the evidence viewed in the light most favorable to him and to have all conflicts in the testimony resolved in his favor. *Darlington Brick and Clay Products v. Aino,* 225 Pa.Super. 186, 187, 310 A.2d 401, 402 (1973).

*Courts v. Campbell, supra,* 245 Pa.Super. at 331, 369 A.2d at 428.

The evidence in this case, viewed in the light most favorable to Ms. Farr, supports the trial court's conclusion that she was indeed permanently disabled. The trial court reviewed the medical opinion of Ms. Farr's physician and found it credible. Such determinations are within the exclusive province of the finder of fact and will not be disturbed on appeal. The trial court based its determination that Ms. Farr was permanently disabled on the physician's opinion and prognosis. Because we find that the opinion and prognosis provide competent and sufficient evidentiary support for the trial court's determination, we will not disturb its factual finding that Ms. Farr was permanently disabled and accordingly, was entitled to forbearance on her obligation to SLMA.

Order affirmed.